## Matt Krisman, Appellee, v. The Johnston City and Big Muddy Coal & Mining Company, Appellant.

1. WORKMEN'S COMPENSATION ACT, § 2*—*presumption as to election.* There is a presumption of law that both the employer and the employee are covered by the provisions of the Workmen's Compensation Act of 1911 (J. & A. ¶¶ 5449 *et seq.*) unless it appears that one or both of the parties have filed an election to the con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fourth District—November, 1914.     613

Krisman v. Johnston City & Big Muddy C. & M. Co., 190 Ill. App. 612.

trary with the State Bureau of Labor Statistics as provided by the act.

2. Workmen's Compensation Act, § 12*—*when recovery in suit for damages cannot be sustained.* In a suit against a mining company to recover damages for personal injuries sustained by a miner while the Workmen's Compensation Act of 1911 was in force, a judgment for plaintiff cannot be sustained where there was no averment in the declaration that the parties were not under the provisions of the act and no proof to show that they or either of them had filed an election not to come under the act.

3. Workmen's Compensation Act, § 13*—*necessity of preserving statutory notice in record.* A ruling of the trial court excluding a certified copy of the official notice filed with the State Bureau of Labor Statistics under the provision of the Workmen's Compensation Act of 1911 is not presented for review where the instrument is not preserved in the record.

4. Appeal and error, § 1078*—*presumption in absence of cross-errors.* An appellee must be presumed to be satisfied with the rulings of the trial court where he has filed no cross-errors.

Appeal from the Circuit Court of Williamson county; the Hon. A. E. Somers, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded with directions. Opinion filed November 9, 1914.

Denison & Spiller, for appellant.

Neely, Gallimore, Cook & Potter, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Matt Krisman, a coal miner, brought this suit against The Johnston City and Big Muddy Coal & Mining Company to recover damages for personal injuries received by him while working in the coal mine of said Company in Williamson county. There were five counts in the declaration, but the last three were excluded from the jury and the verdict, which was for $2,000, was based on the negligence charged in the first two·counts.

The first alleged that on July 30, 1912, appellee was working in one of the rooms of appellant's mine, the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

roof of which was in a dangerous condition and liable to fall unless propped up; that there were no caps, props or timbers of sufficient dimensions in the room to prop the roof, and that for three days prior to said date, appellee had demanded such props and timbers from appellant's foreman, but that appellant wilfully failed to furnish the same; that in consequence of such failure, appellee was injured by a fall from the roof. The second count stated the dangerous condition of the roof and alleged that appellant failed to place a conspicuous sign at the place of danger, as notice to all men to keep out.

As to whether appellant was guilty of the negligence charged in the declaration, we will not on this appeal concern ourselves, as the determination of the case must depend upon other reasons than those relating to its merits. At the time the injury complained of occurred, the Act providing for compensation for accidental injuries or death, approved June 10, 1911 (J. & A. ¶¶ 5449 *et seq.*), was in force and the same applied to the business in which appellant and appellee were engaged. Section 3 of this Act provided: "No common law or statutory right to recover damages for injury or death sustained by any employee, while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who has accepted the provisions of this Act." Paragraph A of subsection 3 of section 1 of said Act provides that every employer included in the act "is presumed to have elected to provide and pay the compensation according to the provisions of this Act, unless and until notice in writing of his election to the contrary is filed with the State Bureau of Labor Statistics." Paragraph C of said subsection provides that when such election is made by the employer, the employee shall be deemed to have accepted all the provisions of said act and is bound thereby, unless within thirty days after his hiring and the tak-

ing effect of the act he shall file a notice to the contrary with the secretary of the State Bureau of Labor Statistics. It thus appears to be a presumption of law that both appellant and appellee were covered by the provisions of said act, unless it should appear that one or both of them had filed an election to the contrary with the State Bureau of Labor Statistics, as provided by law. *Dietz v. Big Muddy Coal & Iron Co.,* 263 Ill. 480, 5 N. C. C. A. 419. There was no allegation in the declaration that the parties were not under the provisions of the act, and offered no proof to show that appellee had filed the notice required to exempt him therefrom. The record does show, however, that counsel for appellee said: "I desire to introduce plaintiff's Exhibit A in evidence which is a certified copy of the official notice given by the defendant to the State Bureau of Labor Statistics, in which they refuse to operate under the provisions of the compensation act of the State of Illinois." Counsel for appellant objected to the introduction of this exhibit for a number of reasons, among others, that it was not properly certified or proven, and the court sustained the objection and the exhibit was not admitted in evidence. The instrument sought to be introduced is not preserved in the record for our inspection, so that we have no means of determining whether the ruling of the court upon this question was proper or not and therefore it must be presumed that the instrument was properly excluded. Appellee must also be presumed to be satisfied with the ruling of the trial court in this regard as he has filed no cross-errors. Appellant upon the trial offered no proof upon this question. We are therefore bound by the act to hold that under the proofs produced in this case the parties were covered by the provisions of said compensation act and that therefore this suit for damages cannot be sustained.

The judgment will accordingly be reversed and the cause remanded with directions to the court below to

give leave to appellee to amend his declaration by allegations charging that appellant was at the time of the injury transacting its business under said compensation act, so that evidence may properly be introduced by him upon that question, or to dismiss his suit without prejudice to his right to proceed under said act.

*Reversed and remanded with directions.*