FOURTH DISTRICT—NOVEMBER, 1916.     591

Means v. Terminal Railroad Ass'n of St. Louis, 202 Ill. App. 591.

## Marie R. Means, Administratrix, Appellee, v. Terminal Railroad Association of St. Louis, Appellant.

1. WORKMEN'S COMPENSATION ACT—*what constitutes statement of new cause of action in action at common law.* An amended count setting up facts showing that an employee was not within the Workmen's Compensation Act at the time of the injury which caused his death, which was not filed until more than two years after the death of the employee, is barred by the statute of limitations, where the action was brought at common law and the count, prior to its amendment, set up no facts showing that the act did not apply.

2. PLEADING, § 466*—*what may be intended as to declaration after verdict.* After verdict it may be intended that every essential fact alleged in the declaration, or fairly to be implied from what is alleged, was established on the trial, but it is not to be inferred from that that where an essential matter is omitted in the statement the same may be implied after verdict, because it is necessary to make the statement complete.

3. WORKMEN'S COMPENSATION ACT, § 2*—*when presumed that employer is within provisions of.* Under the Workmen's Compensation Act, where no election is made by the employer, as therein

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

provided, the legal presumption is that he is under its provisions, and the employee cannot reject its provisions while the employer is subject thereto.

4. ACTION, § 2*—*what constitutes a cause of*. A cause of action includes not only a right of recovery but also a right to bring the action to recover, and where a court has jurisdiction to grant the relief sought, there must be a statement which constitutes a cause of action entitling the party bringing the suit to maintain an action in that court.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed November 13, 1916.

KRAMER, KRAMER & CAMPBELL, for appellant; T. M. PIERCE, of counsel.

C. P. COULTAS and KEEFE & SULLIVAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Charles A. Means and a man named Holly were put at work by appellant, in its yards in East St. Louis, on January 23, 1913, repairing cars. In the work it became necessary to raise the car, which was a box freight car, by means of jacks, so they could remove the bolster. After the car had been so raised, it suddenly turned over sidewise, catching both workmen beneath it and killing them. Appellee's claim is that the jacks furnished by appellant were imperfect and defective and thereby caused the injury, while the theory of appellant is that the jacks were in good condition and suitable for the work and that the injury came from the fact that the workmen placed them under the car lengthwise and not crosswise of the car, as they were instructed to do when they were put to work. On January 2, 1914, appellee filed a suit for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

damages under the statute as administratrix of the estate of Charles A. Means.

The declaration, consisting of one count, averred that the accident was caused by reason of the jacks that were furnished being defective and insufficient for the purpose for which they were used, in that the cogs intended to hold them up would not hold fast but would allow the upper part of the jacks to slide down; that this defective condition was known or by the exercise of ordinary care could have been known to appellant, but was not known to appellee's intestate. On January 22, 1914, which was within a year after the accident, an amended declaration of three counts was filed. The first count stated appellant was engaged in interstate commerce, and that deceased was employed by appellant to repair a car on a certain track, which car and track were used in interstate commerce; that appellant negligently failed to instruct deceased how the work should be done with ordinary safety, and that one of the jacks used slipped, by reason of the manner it was placed under the car. The second count also averred that appellant was engaged in using the car in interstate commerce, and the negligence relied on was the failure on the part of the company to furnish deceased a safe place in which to work, and to instruct him how to avoid the danger. It also charged the imperfection and insufficiency of the jacks and the inexperience of the fellow-servant, Holly. The third count made the same charges as to interstate commerce and the negligence therein laid, and is substantially the same as in the original declaration. On May 19, 1914, appellee withdrew the second amended count and went to trial. The jury returned a verdict against appellant for $3,000, but a motion for a new trial was granted by the court. On June 2, 1915, more than two years after the death, appellee filed an amended third count to her amended

declaration. This was substantially the same as the former one, except there was added the averment that appellant did not furnish deceased, nor post in a conspicuous place at the office, place or plant where deceased was employed, a legible statement or notice of the compensation provision of the Workmen's Compensation Act of the State of Illinois. Afterwards appellee filed a second amended third count, in which the above averment was repeated and the allegation that appellant was engaged in interstate commerce omitted, but alleging that it was engaged as a common carrier of freight and passengers between the States of Illinois and Missouri. Appellant filed a plea of general issue and a special plea of the statute of limitations. A demurrer was sustained to the special plea and issue joined on the general issue. Appellant abided its special plea and went to trial. The jury found appellant not guilty on the first count of the amended declaration, but guilty on the second amended third count and assessed appellee's damages at $3,000. A motion for a new trial was denied and judgment entered against appellant on the verdict.

The first proposition presented for our consideration is, should the demurrer to the statute of limitations to the second amended third count of the declaration on which the verdict was based have been sustained; and in determining this, two questions are involved: First. Does a declaration against a common carrier for injuries to or for the life of an employee state a cause of action which does not show the rights of an employee, or those who might be injured by his death, were not covered by the Workmen's Compensation Act in force at the time of the accident, to wit, January 23, 1913? Second. Can a cause of action, stated under the Federal Employers' Liability Act, governing interstate commerce, be changed to show a liability under the State act, after

the time a new action would be barred by the statute of limitations, or does such a change constitute a new cause of action, which will be barred by the statute? The Compensation Act was not referred to, nor was any liability averred under the State statute, as distinguished from the Federal statute in any count of the declaration, except by the second amended third count, which was filed after the expiration of a year from the time of the accident, and if a good cause of action could not be stated, even defectively, without including both of these elements, the statute of limitations intervened and the demurrer to the plea of the statute should not have been sustained. To warrant the court in its action in sustaining the demurrer to the plea of the statute of limitations, it must have found a cause of action had been stated in the declaration prior to the expiration of a year from the time of the injury.

A cause of action includes not only a right of recovery but also a right to bring the action to recover. Although the plaintiff may have a meritorious cause of complaint, if such cause is stated in a court not having jurisdiction to give the relief prayed for or hear the case, it cannot be well said a cause of action has been stated in that court, as there is an absence of a right to recover in such court. While appellee may have stated such facts in a trial court as would show her entitled to proceed under the Compensation Act, such statement might not be a statement of a cause of action which would entitle her to obtain a judgment in that court, because, under the statute, the Industrial Board may have been the only court having jurisdiction. Where a court has jurisdiction to grant the relief sought for, there must be a statement which constitutes a cause of action, entitling the party bringing the suit to maintain an action in that court. While it is true there may be a defective statement of the cause of action which will be sufficient to sustain a judgment

Means v. Terminal Railroad Ass'n of St. Louis, 202 Ill. App. 591.

after verdict, this does not mean that such essential matters can be omitted from the statement as would make the same insufficient, unless the matters omitted can be inferred from the things stated; or, as stated in *Walters v. City of Ottawa,* 240 Ill. 259: " 'On the one hand, the particular thing which is presumed to have been proved must always be such as can be implied from the allegations on the record by fair and reasonable intendment; and on the other hand, a verdict for the party in whose favor such intendment is made is indispensably necessary, for it is in consequence of such verdict, and in support of it, that the court is induced to put a liberal construction upon the allegations on the record.' (1 Chitty's Pl. 673.) 'After verdict it may be intended that every essential fact alleged in the declaration, or fairly to be implied from what is alleged, was established on the trial; but where the declaration fails to show that the plaintiff has a cause of action there is no room for intendment or presumption.' *Smith v. Curry,* 16 Ill. 147; *Botkin v. Osborne,* 39 id. 101; *Bowman v. People,* 114 id. 474; *Gerke v. Fancher,* 158 id. 375." But it is not to be inferred from that, that where an essential matter is omitted in the statement the same may be implied after verdict, because it is necessary to make the statement complete. For example, in a suit for personal injury, to make a cause of action there must have been due care on the part of the party injured and, under some declarations, this must be stated while in others it may be cured by verdict. As stated in the *Walters* case, *supra:* "A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action, and,

after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute. If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect. *Foster v. St. Luke's Hospital,* 191 Ill. 94.''

As before stated, a cause of action is not only a right to recover but also includes a right to enforce a recovery. Therefore can it be said, in view of the Compensation Act in force at the time of the accident, that the third count or amended third count stated a cause of action before it was again amended after the expiration of the year, by the added averment, stating that appellee's intestate did not come within said act? We think, not because it could not show a right of recovery against appellant at common law without an averment, that appellee's intestate was not under the Compensation Act. To refer again to the case of *Walters v. City of Ottawa,* a leading and luminous case upon this question, and which was a suit against a city for injuries alleged to have been incurred by reason of its negligence, it was there held, the notice required by law to be given the city officials was a part of the action, and its omission was fatal and could neither be implied and cured by verdict nor cured by amendment after verdict, because no cause of action existed unless such notice had been served. So here no right of action existed if the jurisdiction of the common-law court had been superseded by the remedy provided by the jurisdiction of the commission or board provided for by the Compensation Act. There was no reference before the amendment to the Compensation Act and her intestate's relation thereto, in the declaration, and in its absence the legal presumption was that deceased was under the provisions of the act. The Compensation Act provides that where no election is

made, as provided therein by the employer, the legal presumption exists that the employer is under its provisions. The statute is so construed in *Dietz v. Big Muddy Coal & Iron Co.*, 263 Ill. 480 [5 N. C. C. A. 419], and it is further therein stated, that the employee cannot reject its provisions while the master is subject to the same. It was plain, therefore, that on the face of the pleading, prior to the second amendment of the third plea, appellee had no right to enforce her suit at common law, but was bound to proceed under the provisions of the Compensation Act. This question is not a new one to this court. In *Krisman v. Johnston City & Big Muddy Coal & Mining Co.*, 190 Ill. App. 612, where there were no allegations in the declaration that the parties were not under the provisions of the act, this court held that the declaration was insufficient. In accordance with the views herein set forth, we conclude that a cause of action was not stated in the City Court prior to the intervening of the statute of limitations, and it was therefore error on the part of the court not to sustain the plea. The judgment will be reversed and the cause remanded with directions to the City Court to overrule the demurrer to the plea of the statute of limitations.

*Reversed and remanded with directions.*