(No. 11490.—Judgment affirmed.)
MARTIN CURRAN, Defendant in Error, *vs.* THE WELLS BROS. COMPANY, Plaintiff in Error.

*Opinion filed December 19, 1917.*

1. WORKMEN'S COMPENSATION—*to hold employee bound by act of 1911 employer must show notice of the act was given or posted.* In order to show that an employee is bound by the provisions of the Workmen's Compensation act of 1911 because the employer has elected to come under the act, the employer must show that notice of the compensation provisions of the act was posted in the place of employment or was personally given the employee, as required by the act, although such employee may have otherwise known of the provisions of the act at the time of the hiring.

2. SAME—*what is not a compliance with statute as to posting notice of provisions of act in place of employment.* If the contract of employment of a laborer in the employ of a building contractor is terminated after he has worked upon two buildings and he is re-employed to work upon a third building, the fact that a notice of the provisions of the Workmen's Compensation act of 1911 was posted in the first two buildings does not show a compliance with the proviso of clause (*c*) of paragraph 3 of section 1 of the Workmen's Compensation act of 1911 if no notice was posted in the third building.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

LANDON & HOLT, for plaintiff in error.

FRANCIS J. WOOLLEY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of *certiorari* brings before us for review the record of the Appellate Court by which a judgment of the superior court of Cook county against the plaintiff in error for personal injuries sustained by the defendant in error through the negligence of the plaintiff in error was affirmed. The reasons urged for a reversal are that the plaintiff's only remedy was that provided by the Workmen's Compensation act of 1911 and that the court erred in instructing the jury.

The plaintiff in error was engaged in the building business and the defendant in error was a laborer in its employ on December 10, 1912, when he was injured while at work by a plank falling from a scaffold. The Workmen's Compensation act of 1911 was in force, and neither the plaintiff nor the defendant had filed with the State board of labor statistics a notice that he would not be bound by the act. The act provides that every employer is presumed to have elected to provide and pay the compensation according to the provisions of the act unless and until notice of his election to the contrary is filed with the State bureau of labor statistics. Clause (*c*) of paragraph 3 of section 1 of the act is as follows:

"In the event any employer elects to provide and pay compensation provided in this act, then every employee of such employer, as a part of his contract of hiring or who may be employed at the time of the taking effect of this act and the acceptance of its provisions by the employer, shall be deemed to have accepted all the provisions of this act and shall be bound thereby unless within thirty days after such hiring and after the taking effect of this act, he shall file a notice to the contrary with the secretary of the State bureau of labor statistics, whose duty it shall be to immediately notify the employer, and if so notified, the employer shall not be deprived of any of his common law or statutory defenses, and until such notice to the contrary is given to the employer, the measure of liability of the em-

ployer for any injury shall be determined according to the compensation provisions of this act: *Provided, however,* that before any such employee shall be bound by the provisions of this act, his employer shall either furnish to such employee personally at the time of his hiring, or post in a conspicuous place at the plant or in the room or place where such employee is to be employed, a legible statement of the compensation provisions of this act."

Thus all employers and employees within the enumerated employments when the act took effect became subject to the act at the expiration of thirty days without affirmative action on their part. As to those employed after the taking effect of the act and its acceptance by the employer, they also are deemed to have accepted the provisions of the act as a part of their contract of hiring unless they file notice to the contrary with the secretary of the State bureau of labor statistics, subject to the proviso of clause (*c*). The proviso is an exception to the general provision that every employee shall be bound by the act as a part of his contract of hiring unless he shall file notice to the contrary, and exempts also those who have not been notified, personally or by posting, of the compensation provisions of the act.

The defendant in error was employed by the plaintiff in error in the construction of the Sears-Roebuck building for four or five weeks during the summer of 1912, on the Butler Bros. building from November 19 to November 22, and upon the Rosenwald & Weil building from November 25 to December 10. It is claimed that he was not paid off when he quit work on the Butler Bros. building or until November 30, the next pay-day after he was employed on the Rosenwald & Weil building; that the required notices were posted in the Sears-Roebuck building and in the Butler Bros. building, and that while the evidence is conflicting as to the posting of the notices in the Rosenwald & Weil building, yet the defendant in error is bound by the posting of the notices in the other two buildings where he had been

employed by the plaintiff in error. The plaintiff in error claims that the defendant in error was transferred from the Butler Bros. building to the Rosenwald & Weil building, but the defendant in error claims that he was discharged from the one job on November 22 and hired again on the other job on November 25. The evidence is conflicting on this point as well as on the posting of notices in the Rosenwald & Weil building. No personal notice of the compensation provisions of the act was furnished to the defendant in error. In order to show that the defendant in error was bound by the Workmen's Compensation act it was necessary to show the posting of the notice required by clause (*c*). Since there was a conflict of evidence as to this, the court could not direct a verdict for the defendant.

· The plaintiff in error insists that the posting of the notice in the Butler Bros. building was sufficient notice to the defendant in error, and, moreover, that the defendant in error was slightly injured in the summer of 1912 and settled with plaintiff in error for $7.20, which he receipted for as final payment of compensation under the Workmen's Compensation act. If the defendant in error was discharged from the Butler Bros. job, then his employment on the Rosenwald & Weil building was a new hiring and was subject to the conditions of the Workmen's Compensation act. Actual notice of the provisions of that act was not an acceptance of them or an agreement to be bound by them. The law provided that certain definite things should be done before he should be bound by the provisions of the act.

The rulings of the court upon instructions were in accordance with the views we have expressed. Defendant's refused instruction No. 1 submitted a question of law to the jury, and the rule it was intended to state was given to the jury in defendant's instructions 40 and 42.

The judgment will be affirmed.

*Judgment affirmed.*