(No. 11691.—Reversed and remanded.)
MAGGIE BARNES, Admx., Defendant in Error, *vs.* THE
ILLINOIS FUEL COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

1. WORKMEN'S COMPENSATION—*when plaintiff must prove defendant had elected not to be bound by Compensation act.* A plea of not guilty in an action at law for negligence puts in issue an allegation of the declaration that the defendant, who conducts a hazardous business, had elected not to be bound by the Workmen's Compensation act, and the plaintiff must overcome by proof the conclusive presumption of the statute that the defendant is bound by said act unless it has elected to the contrary.

2. SAME—*notice must be given employee of election not to be bound by Compensation act.* Notice to the employee is required by the Workmen's Compensation act as one of the steps to be taken in making an election not to be bound by the act, and if no notice is given the employee, although the written notice may have been filed with the Industrial Board, the attempted election is ineffectual.

3. SAME—*compliance with statutory requirements for making an election not to be bound by Compensation act must be proved.* In an action at law against an employer engaged in a hazardous occupation for damages for an injury to an employee, compliance with the requirements of the statute for making an election not to be bound by the Workmen's Compensation act must be proved by the party who claims such election was made.

4. SAME—*when employer does not waive contention that election not to be bound by Compensation act has not been proved.* In a common law action for injury to an employee the defendant does not, by contesting its liability to such action, waive the contention that a compliance with the statutory requirements for making an election not to be bound by the Workmen's Compensation act has not been proved by the plaintiff, where, at the conclusion of the evidence, the defendant asks that the jury be instructed to return a verdict in its favor.

CARTER, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. JOHN F. GILLHAM, Judge, presiding.

R. J. Goddard, and H. Clay Horner, for plaintiff in error.

A. E. Crisler, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

Thomas Barnes received a serious injury in the coal mine of the Illinois Fuel Company on October 20, 1915. One leg was broken above the knee and he was otherwise bruised and injured by a large rock falling upon him from the roof of the mine. He was removed to his home, where he received medical treatment. About five or six days after the accident pneumonia set in, which ran its course in about fourteen days and Barnes began recovering from that disease. He remained in bad physical condition until his death, March 11, 1916. Before his death he commenced an action at law against the Illinois Fuel Company (hereafter called defendant) to recover damages for his injury. After his death this suit was brought by his administratrix, (hereafter called plaintiff.) The declaration by proper averments alleged the injury and that death resulted therefrom. The declaration also averred that defendant had elected not to comply with or be bound by the statute known as the Workmen's Compensation act. To the declaration the defendant filed the general issue. A trial by jury resulted in a verdict for plaintiff for $1500, upon which the court rendered judgment. That judgment was affirmed by the Appellate Court for the Fourth District, and the case is brought to this court by writ of *certiorari.*

One of the errors assigned and relied on is that plaintiff failed to prove the allegation of the declaration that defendant had elected that it would not be bound by the Workmen's Compensation act.

The plea of not guilty put in issue the allegation of the declaration that defendant had elected not to comply with or be bound by the Workmen's Compensation act and placed

the burden on the plaintiff to overcome by proof the conclusive presumption of the statute that defendant was bound by said act unless it had elected to the contrary. Section 2 of the statute requires the employer, who is presumed to be under the act, if he desires not to be bound by its provisions, to file notice in writing of his election not to be bound by the act with the Industrial Board, and notify his employees of such election personally or by posting notice thereof at a conspicuous place in the plant, shop, office, room or place where his employees are employed. Plaintiff introduced in evidence at the trial a certified copy of a notice in writing filed by defendant with the Industrial Board on July 1, 1913, that defendant had elected not to be bound by the Workmen's Compensation act. No proof was offered that notice was given any employee of such election or that notice of the election was posted as required by the statute. In the absence of any compliance with the requirements of the statute as to giving notice to its employees, personally or by posting, defendant could not claim it was not subject to and bound by the provisions of the statute. If it had assumed the burden of proving that it had elected not to be bound by the act it would have been required to prove that in addition to filing a written notice of its election with the Industrial Board it had also, either personally or by posting notices, informed its employees of its election. The burden was on plaintiff to prove the election, and in our opinion the same proof was required to be made by plaintiff that would have been required to have been made by defendant to defeat a liability sought to be enforced against it under the Workmen's Compensation act if it had attempted to defeat liability under said act by showing an election not to be bound by it. The statute makes the presumption that defendant was operating under and bound by the act conclusive until it is proven it had elected to the contrary by complying with the requirements of the statute. Notice to the employee is required by the statute as one of the steps

to be taken in making the election, and we think it clear that if no notice is given to the employee, although the written notice may have been filed with the Industrial Board, the attempted election is ineffectual. It could hardly be that filing the written notice with the Industrial Board would be effectual, without any notice to the employee, to give the employee the right to maintain an action at law for damages on the ground that the employer had elected not to be bound by the act, and at the same time, if the employee had sought to enforce the payment of compensation under the statute, the employer could not defeat its liability thereunder on the ground that it had elected not to be bound by the act. In our opinion, whether the burden of proving an election not to be bound by the statute is upon the employee or the employer, it must be proved that the requirements of the statute for making such election have been complied with. Here the burden was on plaintiff to make the proof, and not having made it, the presumption that defendant was operating under the Workmen's Compensation act was not overcome and there can be no recovery in this action.

We do not think this point was waived by defendant by introducing evidence and contesting its liability in the action at law. At the conclusion of the evidence the defendant asked that the jury be instructed to return a verdict in its favor, and this preserved the point for review. If we are correct in this view of the case it is unnecessary to discuss other questions raised.

The judgments of the Appellate and circuit courts are reversed and the cause remanded.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CARTER, dissenting:

For the reasons given in the dissent in *Beveridge* v. *Illinois Fuel Co.* (*ante*, p. 31,) I dissent in this case. The question of law involved, on the facts as presented in this case, is substantially the same as there involved. I think

counsel for plaintiff in error, by their conduct in the trial of this case as in that, waived the necessity for defendant in error, on the trial below, to prove that plaintiff in error was not operating under the Workmen's Compensation act. Counsel for plaintiff in error did not raise this question, in express terms, in the trial court and should not be permitted to raise it in a court of review for the first time. Under what would appear to be correct and reasonable principles of pleading and practice, counsel ought not to be permitted to present his case on one theory in the trial court and on another and entirely different theory in a court of review.