32          APPELLATE COURTS OF ILLINOIS.

Connibol v. Mt. Olive & Staunton Coal Co., 211 Ill. App. 32.

in substance, states that plaintiff may recover if defendant failed to provide a suitable and reasonably safe place to work, is objectionable as omitting to state that such failure must have contributed to the injury and as requiring defendant to provide a suitable and reasonably safe place to work, instead of requiring that he use reasonable care to provide such a place.

------

## Joseph Connibol, Appellee, v. Mt. Olive & Staunton Coal Company, Appellant.

1. WORKMEN'S COMPENSATION ACT, § 12*—*what employee suing at law for personal injuries must allege and prove.* Before an employee of a mining company can maintain an action at law for damages on account of injuries sustained in the course of his employment, he must allege and prove that his employer is not under the Workmen's Compensation Act.

2. PLEADING, § 441*—*proof of allegations of declaration.* Every material allegation of a declaration must be proved.

3. WORKMEN'S COMPENSATION ACT, § 2*—*how allegation that employer has rejected must be proved.* In an action by an employee for personal injuries, the allegation that the employer has rejected the Workmen's Compensation Act is not proved until it is shown by evidence that every step required by the act for rejecting it has been taken, which requires proof of the filing and posting or personal service by the employer of notice of his rejection of the act, and failure to prove that both of these steps have been taken is a failure to prove the ultimate fact alleged without which there can be no recovery.

4. WORKMEN'S COMPENSATION ACT, § 2*—*who has burden of proving rejection of by employer.* In an action by an employee

------

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to recover for personal injuries, the burden is on plaintiff to show that defendant has rejected the Workmen's Compensation Act and has not only filed but also has posted or personally served the statutory notice to that effect.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when verdict should be directed for employer in action by employee for personal injuries.* Where, at the close of plaintiff's evidence, in an action by an employee to recover for personal injuries, defendant moves for a peremptory instruction on the ground that plaintiff has failed to show that defendant had posted or served notice of its election to reject the Workmen's Compensation Act, plaintiff may supply the lacking proof, and, on his failure to do so, the instruction to find for defendant should be given.

6. WORKMEN'S COMPENSATION ACT, § 2*—*when amendments to may not be taken advantage of.* Amendments to the Workmen's Compensation Act changing the requirements as to proof of an employer's rejection of the act cannot be taken advantage of in an action which had been tried before the act was amended.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

A. M. FITZGERALD and WILLIAM E. WHEELER, for appellant.

BURTON & BURTON and D. H. MUDGE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On November 21, 1914, while appellee, who was employed by appellant in its mine in Madison county, Illinois, was loading coal, a portion of the coal fell from the face and roof of the crosscut of the mine where he was working and in his attempt to get away appellee claims he caught his foot on the track laid in the crosscut and fell and that the coal fell on and severely injured him.

This suit was brought to recover damages on account of such injury, the declaration consisting of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXI 3

three counts.  The first count alleged that appellant failed to provide appellee with a safe place in which to work, in that the ties and track on which the cars were to be loaded were a foot and a half higher than the floor of the room.  The second count charged appellant wilfully failed to have its mine inspected and the dangerous condition of the track marked and reported as provided by the Mining Act.  The third that appellant's mine examiner inspected the mine and observed the dangerous condition of the track but wilfully failed to mark and report the same as required by the Mining Act.  Each count avers that appellant had rejected the Workmen's Compensation Act.  A plea of the general issue was filed and upon trial of the case before the court and a jury a verdict in the sum of $3,250 was returned in favor of appellee.  This appeal was perfected to reverse the judgment entered upon that verdict.

At the close of appellee's evidence appellant moved the court to give the jury a peremptory instruction to find it not guilty and in support of that motion counsel for appellant presented the argument that the evidence failed to show that appellant was not under the Compensation Act and that there was a failure of proof to show notice to the plaintiff personally or by posting.  The motion to instruct the verdict in favor of appellant was overruled by the court and counsel then stated that appellant would proceed to the trial of the case "upon its other defense of not guilty of negligence."  At the close of all the evidence in the case, appellant again moved the court for a peremptory instruction in its favor and the motion was again denied.  A number of errors are assigned and argued by appellant, but in our view of the case it is unnecessary for us here to consider any of them except those which relate to the claimed error of the court in refusing the peremptory instruction offered by appellant as above referred to.  In the discussion wheth-

er the court erred in refusing to hold that appellee had failed to make out a case for the reason that the proof failed to show appellant had rejected the provisions of the Workmen's Compensation Act, we have received but little assistance from briefs of counsel. No authorities are cited by either side and the arguments presented in support of the respective contentions are scant.

We find from an examination of the record that upon the trial appellee introduced in evidence a certificate of the secretary of the Industrial Board, stating that appellant had filed with such board its election not to provide and pay compensation according to the provisions of the Workmen's Compensation Act. But no proof whatever appears to have been made or offered that appellant had served appellee with notice of such election or had posted such notice as required by section 2 of that Act [Callaghan's 1916 St. Supp. ¶ 5475(2)].

It is well established by the decisions of the courts of appeal of this State rendered since the enactment of this act that before an employee of a mining company can maintain an action at law for damages on account of injuries sustained in the course of his employment, he must allege and prove that his employer is not under the act. In the case of *Means v. Terminal Railroad Ass'n of St. Louis*, 202 Ill. App. 591, this court held that a declaration against a common carrier for damages for the death of an employee, which failed to show that such employee was not covered by the Workmen's Compensation Act, failed to state any cause of action. To the same effect is the decision of this court in the case of *Yeancey v. Taylor Coal Co.*, 199 Ill. App. 14. The latter case also held that such a declaration was not cured by verdict. These decisions are based upon the ground that by the Workmen's Compensation Act all employers and employees (such as appellee and appellant in this case) come

under the act automatically, unless they reject it in the manner provided by the statute, and that the fact the defendant is not operating under the act is essential to the injured person's right of action. In *Krisman v. Johnston City and Big Muddy Coal & Mining Co.*, 190 Ill. App. 612, this court has held that under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), a judgment for plaintiff could not be sustained where there was no averment in the declaration that the parties were not under the provisions of the act and no proof to show that they or either of them had filed an election not to come under the act. This court held in the case of *Kleet v. Southern Illinois Coal & Coke Co.*, 197 Ill. App. 243, that a declaration alleging the filing of the notice required by statute, but not alleging the posting of such notice, was good after verdict, where proof was made of the posting. In that case the court holds that the allegation that the employer had rejected the provisions of the act was an averment of an ultimate fact which was sufficient after verdict upon proof of facts, without which such ultimate fact could not have been sustained. If the averment of the ultimate fact of the rejection of the act is an essential allegation of the declaration, as there held by this court, then it necessarily follows that such essential allegation must be sustained by proof. It is a principle too well established to need the citation of authorities that every material allegation of the declaration must be proved. The allegation of the ultimate fact of the rejection of the act is not proved until it is shown by the evidence that every step has been taken, which the statute requires shall be taken before the provisions of the act can be rejected. The statute [Callaghan's 1916 St. Supp. ¶ 5475(2)] provides that the act is not rejected by the employer "unless and until notice in writing of his election to the contrary is filed with the Industrial Board and unless and until the employer shall either

furnish to his employee personally or post at a conspicuous place in the plant, shop, office, room or place where such employee is to be employed, a copy of said notice of election not to provide and pay compensation according to the provisions of this Act.'' The statute, in effect, provides that it is conclusively presumed that this ultimate fact of rejecting the provisions of the act has not been accomplished "unless and until" the notice has been both filed and posted or personally served. Failure to prove that both of these steps have been taken must be held to be failure to prove the ultimate fact alleged in this declaration, without which appellee has no right to maintain an action at law in this case. Any other holding would be inconsistent with the authorities above cited. The Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*) provided that every employer was presumed to have elected to provide and pay compensation according to the provisions of the act unless and until notice of his election to the contrary was filed with the State Bureau of Labor Statistics with the following proviso: "Provided, however, that before any such employee shall be bound by the provisions of this Act, his employer shall either furnish to such employee personally at the time of his hiring, or post in a conspicuous place at the plant or in the room or place where such employee is to be employed, a legible statement of the compensation provisions of this Act.''

The plaintiff in the case of *Curran v. Wells Bros. Co.*, 281 Ill. 615, had sued the defendant for injuries sustained while employed by defendant in the construction of a building. The defense was that plaintiff was under the provisions of the Workmen's Compensation Act of 1911 and could not maintain an action at law. The proof showed defendant had not posted the notice mentioned in above proviso in the building where plaintiff was injured but had posted

it in buildings where plaintiff had worked for defend-
ant a short time prior thereto. In the opinion ren-
dered in that case the court said: ''The law provided
that certain definite things should be done before he
[plaintiff] should be bound by the provisions of the
act,'' and ''In order to show that defendant in error
[plaintiff] was bound by the Workmen's Compensa-
tion Act it was necessary to show the posting of the
notice required by clause (c).'' The court held an
action at law could be maintained in that case because
no notice had been posted in the building where plain-
tiff was injured. According to the decisions under the
Act of 1913, an action at law cannot be maintained
against appellant in this case unless it has been re-
lieved from the provisions of the 1913 law. That law
provides that certain definite things shall be done be-
fore it can be so relieved. Those definite things are
the filing with the Industrial Board and the posting
or serving of the notice. The burden of showing ap-
pellant was not bound by the Workmen's Compensa-
tion Act in this case was upon appellee, and in order
to show that, as our Supreme Court has recently held
in the case of *Beveridge v. Illinois Fuel Co.*, 283 Ill.
31, it was necessary to prove the posting or service
of the notice as well as the filing of it. This was not
done and appellee therefore did not establish his right
to maintain this action at law.

When appellant at the close of appellee's evidence
moved for a peremptory instruction in its favor for
the reason that appellee had failed to prove that ap-
pellant had posted or served the required notice of its
election not to come under the provisions of the Com-
pensation Act, appellee was fully notified of the defect
in its proof and could have had the opportunity of
furnishing the lacking proof had it desired and was
able to do so. In the absence of such proof the court
should have given the peremptory instruction re-
quested by appellant and directed the jury to find a

verdict in its favor. We are not unmindful of the fact that since the trial of this case in the court below, the Workmen's Compensation Act has been amended so that the posting or serving of the notice above referred to by the employer is not now required; also that a section has been added providing that where the plaintiff alleges in his declaration or other pleading that the employer has filed notice of his election not to provide and pay compensation under the act, and such allegation is not denied by a verified pleading, the employer shall be presumed to have filed his notice of nonelection, but we are of opinion that the amendments to the law made since the trial of the case cannot be taken advantage of by appellee to sustain this judgment. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*