## STATE EX REL. ALBERT LEA PACKING CO., INC. v. INDUSTRIAL COMMISSION OF MINNESOTA.[1]

April 27, 1923.

No. 23,244.

**Person giving gratuitous service not employe within Workmen's Compensation Act.**

1. One who assists an employe for a few minutes at his request, without expecting pay therefor and without the knowledge of the employer, is not entitled to compensation from the employer for injuries as he was not an employe within the definition of the compensation act.

**Case distinguished.**

2. This case does not come within the rule applied in State ex rel. Nienaber v. District Court, 138 Minn. 416, for nothing unusual or unexpected had occurred and no emergency existed.

Upon the relation of Albert Lea Packing Company, Inc., the supreme court granted its writ of certiorari directed to the Minnesota Industrial Commission to review the judgment of the commission

[1]Reported in 193 N. W. 450.

in a proceeding under the Workmen's Compensation Act brought by Albert Nelson, employe, against Minnesota Waterloo Creamery Company and Albert Lea Packing Company, employers. Reversed.

*Meighen, Knudson & Sturtz,* for relator.

*P. C. Reynolds,* for respondent.

TAYLOR, C.

The Minnesota Waterloo Creamery Company and the Albert Lea Packing Company occupy separate parts of the same set of buildings in the city of Faribault. The boiler room of the creamery company adjoins the engine room of the packing company and the rooms are connected by a doorway. Herbert Suddendorf was the engineer and Arthur Nelson the fireman of the creamery company. William Lambert was the engineer of the packing company. The three were on friendly terms and visited back and forth, and occasionally did small favors for each other. The packing company operated its refrigerating plant with an electric motor, but also had a steam engine for use whenever the electric power should be interrupted. The steam for this engine was furnished by the creamery company from their boilers, the packing company paying them for it. Lambert had changed from the electric power to the steam power to enable him to repair a belt driven by the electric motor. Having completed the repairs, he concluded to change back to the electric motor and so informed the foreman of the packing company who directed a mechanic to assist him. In making this change it was necessary to disconnect and remove a steel rod about 7 feet long and 4 inches or more in diameter and weighing about 450 pounds. Although this rod had been removed at times by only two men, Lambert knew that it would be difficult for him and the mechanic to remove it without assistance and asked Suddendorf for help. Suddendorf directed Nelson to assist them. While assisting them one of Nelson's fingers was caught between the rod and the iron frame and crushed so badly that it had to be amputated. Nelson filed a petition with the industrial commission for compensation. Each company filed a separate answer denying any liability on its

own part and asserting that if any claim for compensation existed it was against the other company. The commission awarded compensation against the packing company, and that company brings the case here by certiorari.

The facts are either conceded or undisputed. The commission say in substance that Nelson's right to compensation is not disputed, and that the question is whether the obligation to pay it rests on the creamery company or the packing company. If the award were against the creamery company, we have no difficulty in sustaining it, for Nelson was an employe of that company and was directed to perform this service by his superior to whose orders he was subject and who had authority to employ and discharge him. But the award is against the packing company. The packing company denies liability on the ground that Nelson was never an employe of that company, but was merely assisting Lambert as a personal favor to him without the knowledge of any one having authority to employ help on behalf of the company. The statute, Laws 1921, p. 125, chapter 82, § 66, subdivision (d), provides:

"The term 'employer' as used herein, shall mean every person not excluded by section 8, who employs another to perform a service for hire and to whom the 'employer' directly pays wages."

Nelson was employed and paid by the creamery company. His contract of hire was with that company, not with the packing company. He had never received or claimed any wages from the packing company, and did not expect any pay for the aid given to Lambert. The relation of employer and employe as defined by the compensation law did not exist between him and that company. State ex rel. D. M. Gilmore Co. v. District Court, 147 Minn. 12, 179 N. W. 216; Arterburn v. Redwood County, 153 Minn. 338, 191 N. W. 924. This is not seriously questioned, but it is contended that an emergency had arisen which brought the case within the doctrine of State ex rel. Nienaber v. District Court, 138 Minn. 416, 165 N. W. 268, L. R. A. 1918F, 200, and authorized Lambert to employ such assistance as he deemed necessary. We are unable to sustain this contention. In that case a loaded coal wagon became stalled in the

mud in the outskirts of the city and the driver asked a passing teamster to help pull it out. This teamster attached his horses in front of the others and while urging them to pull was seriously injured by one of them stepping on his foot and ankle. It was held by a divided court that he was entitled to compensation from the coal company on the ground that the driver of the coal wagon was confronted with an emergency which rendered assistance necessary, and that employing the needed help under such circumstances was within his implied authority.

In the present case, Lambert could select his own time for making the change. He had received no instructions concerning it and there was no need for haste. He was familiar with the situation and conditions, and knew fully what it was necessary to do to make the change and how to do it. On Saturday he informed the foreman that he would change back to the electric power Sunday morning, and the foreman directed a mechanic employed by the company to assist him in doing so. Sunday forenoon he and the mechanic proceeded to make the change, and when ready to remove the heavy steel rod obtained the assistance of Nelson in the manner previously stated. Nothing unusual or unexpected had occurred. No unforeseen difficulty had been encountered. Lambert knew before the work was begun that additional help would be desirable in removing that rod. He was in the plant of the company and could obtain any needed help by merely reporting his need to the foreman who was in another part of the plant and readily accessible. It cannot be said that under the circumstances here existing he was confronted by an emergency. Nothing had happened which he had not anticipated. In fact, without the knowledge of his superiors, he had arranged with Suddendorf for the desired assistance before beginning the work of making the change.

The order of the commission is reversed and the case remanded.