## MRS. M. J. O'ROURKE v. PERCY VITTUM COMPANY AND ANOTHER.[1]

February 26, 1926.

No. 25,002.

**Employer of farm labor not brought within compensation act by mere notice to Industrial Commission.**

1.    The compensation act excludes farm labor from its operation, but provides that it shall apply to such labor if the employer shall have elected to accept the provisions of the act by posting a statement of such election and filing a duplicate thereof with the Industrial Commission.  Under this statute, filing a notice without posting it does not bring the employer of such labor within the act.

**Employe excluded from benefits of compensation act when his employment is casual and not in usual course of employer's business.**

2.    To exclude an employe from the benefits of the act under the provision that it shall not apply to persons whose employment is casual and not in the usual course of the business of the employer, the employment must be both casual and not in the usual course of such business.

**Employe excluded from benefits of act while working outside scope of his employment to accommodate his employer.**

3.    An employe is not within the act while performing services outside the scope of his employment as a voluntary accommodation to his employer or to others.

[1] Reported in 207 N. W. 636.

**But employe is within benefits of act when working by direction of his employer.**

4. An employe who performs services outside the duties of his usual employment at the direction of his employer and in consequence of the relation of employer and employe existing between them is within the act.

**Employer liable under the act when he directs employe to work for third party while still in his employ.**

5. An employer who directs an employe to perform services for a third party remains liable under the act for injuries sustained, if the relation of employer and employe continued to exist between them during the performance of such services.

**Cause remanded for additional findings.**

6. The commission made no findings in respect to the claim against the Percy Vittum Company and the cause is remanded with directions to make findings upon that claim in accordance with the evidence and award compensation thereon.

Workmen's Compensation Acts, C. J. pp. 41 n. 8; 45 n. 25; 47 n. 34; 52 n. 70 New, 77; 53 n. 87, 88; 83 n. 49, 49 New; 123 n. 48 New; 125 n. 70 New.

Two writs of certiorari were issued to the Industrial Commission. One at the instance of the widow of M. J. O'Rourke to review its refusal to award compensation against either the Percy Vittum Company or Percy Vittum as an individual for the death of her husband; the other at the instance of Percy Vittum and his insurer to review the finding that O'Rourke was in the employ of Vittum and that his injury arose out of and in the course of such employment. Remanded.

*George G. Chapin,* for petitioners.

*Sexton, Mordaunt & Kennedy,* for employer and insurer.

*Clifford L. Hilton,* Attorney General, and *Hayner N. Larson,* for Industrial Commission.

TAYLOR, C.

The Percy Vittum Company is a corporation engaged in the business of selling live stock on commission at the stockyards in South

St. Paul. It does not buy live stock nor own any, but acts only as a sales agent for shippers. Percy Vittum is president of the company and has and exercises control over all its employes. He owns a farm of some 250 acres five or six miles from the stockyards on which he has a manager who carries on the farming operations and hires and discharges the farm employes. Vittum as an individual buys cattle, sheep and hogs from time to time and has employes of the corporation take them from the stockyards to the farm where they are fed and fattened, and has these employes bring them back to the stockyards when they are to be sold. He makes no payment· for these services either to the corporation or the employes, but the employes receive their regular wages from the corporation covering the time they are engaged in this work. He also has the manager of the farm aid in the work of the corporation at the stockyards at times and the corporation makes no payment for his services.

The corporation is under the Workmen's Compensation Act and carries a policy in the Hartford Accident & Indemnity Company insuring it against liability for accidents. Vittum as an individual filed a notice with the Industrial Commission that he elected to come under the Compensation Act in his business of farming, but posted no notice on the farm that he had elected to come under the act. He also took out a policy in the same company which had insured the corporation, insuring him as an individual against liability for accidents in his farming operations.

M. J. O'Rourke had been in the employ of the corporation for several years, and at Vittum's direction had assisted in taking live stock to and from the farm several times in 1924. Vittum had two or three thousand cedar trees of various sizes upon the farm and sold quantities of them from time to time for transplanting. At Vittum's request, made some days earlier, O'Rourke went to the farm on September 28, 1924, for the purpose of getting a few of these trees. While digging them, he fell down the face of a nearly perpendicular bluff and sustained injuries from which he died ten days later. He left a widow and three small children.

The widow filed a petition for compensation with the Industrial Commission, asserting that both the corporation and its insurer, and Vittum as an individual and his insurer were liable under the compensation act.

The evidence was taken before a referee who found as facts that at the time of the accident O'Rourke was in the employ of both the corporation and Vittum as an individual, and that the accident arose out of and in the course of his employment by Vittum as an individual. Upon these facts the referee awarded compensation against Vittum as an individual and his insurer. They appealed to the commission from this award. The petitioner appealed to the commission from the refusal to award compensation against the corporation and its insurer. Both appeals were submitted to the commission upon the record returned by the referee.

The commission set aside the findings of the referee, and made findings to the effect that O'Rourke was in the employ of Vittum as a farm laborer at the time of the accident, that it arose out of and in the course of his employment as such farm laborer, and that Vittum had never posted a statement of his election to accept the provisions of the compensation act as an employer of farm labor. Upon these findings the commission determined that the petition "should be and the same is in all things denied."

Two writs of certiorari were issued—one upon the application of the petitioner; the other upon the application of Vittum and his insurer. The petitioner asserts that the commission erred in holding that O'Rourke was not within the protection of the compensation act, and claims that both the corporation and Vittum as an individual are liable under that act. Vittum and his insurer assert that the commission erred in holding that O'Rourke was in the employ of Vittum as a farm laborer and that the accident arose out of and in, the course of his employment as such farm laborer.

G. S. 1923, § 4268, L. 1921, p. 92, c. 82, § 8, excluded farm laborers and certain others from the operation of the act, and then provides—"that part 2 of this act shall apply to farm labor if the employer shall have elected to accept the provisions of such part

2 by posting a written or printed statement of his election and filing a duplicate thereof with the Industrial Commission as provided by section 11 of this act."

G. S. 1923, § 4271, the section 11 referred to, prescribes the method by which an employer or employe who is subject to part 2 of the act may change his status to that of one not subject thereto. To effect such a change an employer is required to post and keep posted on the premises a notice of his election not to be bound by the provisions of part 2 and to file a duplicate thereof with the Industrial Commission, and his election becomes effective when the copy of the notice is filed with the commission. This section prescribes the procedure by which those within the act may place themselves outside its operation. Vittum as an employer of farm labor was outside the operation of the act, but could bring himself within it by posting and filing the prescribed notice. He filed a notice but posted none. To leave no room for uncertainties or disputes leading to needless litigation, the legislature specified clearly and definitely the acts necessary to effect a change of the existing status; and the courts uniformly hold that to effect a change all the statutory requirements must be complied with or the status remains unchanged. Larson v. Trageser, 150 Minn. 182, 184 N. W. 833; Paucher v. Enterprise C. M. Co. 182 Iowa, 1084, 164 N. W. 1035; Bernard v. Michigan U. T. Co. 188 Mich. 504, 154 N. W. 565; Young v. Duncan, 218 Mass. 346, 106 N. E. 1; Curran v. Wells Bros. Co. 281 Ill. 615, 117 N. E. 984; Beveridge v. Illinois Fuel Co. 283 Ill. 31, 119 N. E. 46; Barnes v. Illinois Fuel Co. 283 Ill. 173, 119 N. E. 48; McCune v. Pell & Bro. 192 Ky. 22, 232 S. W. 43; Bannon v. Watson, 207 Ky. 23, 268 S. W. 573; Kampmann v. Cross (Tex. Civ. App.) 194 S. W. 437; Farmers Petroleum Co. v. Shelton (Tex. Civ. App.) 202 S. W. 194; Daniels v. Charles Boldt Co. 78 W. Va. 124, 88 S. E. 613. In the Iowa case and two of the Illinois cases above cited, the notice was filed with the commission but not posted and was held to be ineffective.

Vittum had not brought himself within the act, but even if he had it is doubtful if compensation could be awarded against him in

view of the provisions of G. S. 1923, §§ 4325, 4326, for he paid no wages to O'Rourke and O'Rourke expected none from him.

The statute declares that every person not excluded by G. S. 1923, § 4268, who employs another to perform services for hire and to whom he directly pays wages, is an employer within the meaning of the act; and that every person not excluded by G. S. 1923, § 4268, in the service of another under any contract of hire, express or implied, written or oral, is an employe within the meaning of the act, G. S. 1923, § 4326. The employer is required to make compensation for injuries to an employe "arising out of and in the course of his employment." G. S. 1923, § 4261.

O'Rourke was employed and paid by the corporation, and, if the accident arose out of and in the course of such employment within the meaning of the act, the corporation is liable for compensation. He was subject to and obeyed the orders of Vittum as a managing officer of the corporation. His work in taking live stock to or from the farm was done under orders from Vittum and during his hours of service for the corporation. While the evidence at the trial shows that the farm and the stock placed thereon was in fact the individual property of Vittum, it nowhere shows that O'Rourke had any knowledge of that fact or any reason to believe that the farm was not operated as a part of the business of the corporation. Upon the facts known to him as shown by the record, O'Rourke had the right to assume that all his services were performed for the corporation and that he was within the protection of the compensation law while performing them. The evidence submitted by the parties leads to that conclusion and no other.

The statute, G. S. 1923, § 4268, excludes from its operation "persons whose employment at the time of the injury is casual and not in the usual course of the trade, business, profession or occupation of his employer." O'Rourke was procuring the trees at the direction of the official who had authority to give him orders on behalf of the corporation. Whether such work was in the usual course of the business of the corporation is not important, for O'Rourke was not a casual employe and the employment must be both casual

and not in the usual course of the business of the corporation to exclude him from the benefits of the act under that provision. Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312; State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State ex rel. Lennon v. District Court, 138 Minn. 103, 164 N. W. 366; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; Durrin v. Meehl, 163 Minn. 325, 204 N. W. 22; Workman v. Endriss, 164 Minn. 199, 204 N. W. 641.

An employe who, as a voluntary accommodation to his employer or to another, performs services outside the scope of his employment, is not within the act while performing such services. Gibbs v. Downs, 94 Conn. 487, 109 Atl. 170; Carnahan v. Mailometer Co. 201 Mich. 153, 167 N. W. 9.

But an employer may enlarge or extend the scope of the employment; and an employe who, at the direction of his employer or of a superior to whose orders he is subject, performs services outside the duties of his usual employment, and performs them in consequence of the existence of the relation of employer and employe and as incidental to the employment, is within the protection of the act while performing such services. Mann v. Glastonbury Knit. Co. 90 Conn. 116, 96 Atl. 368, L. R. A. 1916D, 86; Sunnyside Coal Co. v. Industrial Com. 291 Ill. 523, 126 N. E. 196; Engels C. Min. Co. v. Industrial Acc. Com. 183 Cal. 714, 192 Pac. 845, 11 A. L. R. 795; Sims v. O. K. C. & E. Ry. Co. 89 Mo. App. 197; Grieb v. Hammerle, 222 N. Y. 382, 118 N. E. 805, 7 A. L. R. 1075; Brown v. Scott, 1 W. C. C. 11; Statham v. Galloways Limited, 2 W. C. C. 149; State ex rel. v. Industrial Com. 155 Minn. 267, 193 N. W. 450.

Where an employe performs services for a third party by direction of his employer, if the relation of employer and employe continues to exist between them during the performance of such services, the employer is liable under the compensation act for injuries sustained by the employe while performing the task so assigned to him, although he may be under the control of the third party as to the details of the work. State ex rel. D. M. Gilmore

Co. v. District Court, 147 Minn. 12, 179 N. W. 216; Conroy v. Murphy Tr. Co. 148 Minn. 14, 180 N. W. 704; Matter of DeNoyer v. Cavanaugh, 221 N. Y. 273, 116 N. E. 992; Famous Players Lasky Corp. v. Industrial Acc. Com. 194 Cal. 134, 228 Pac. 5, 34 A. L. R. 765; Federal Mut. L. Ins. Co. v. Industrial Acc. Com. 190 Cal. 97, 210 Pac. 628; McDowell v. Duer, 78 Ind. App. 440, 133 N. E. 839; Clancy's Case, 228 Mass. 316, 117 N. E. 347; Rongo v. R. Waddington & Sons, 87 N. J. L. 395, 94 Atl. 408.

O'Rourke was told by Vittum to get a few small cedar trees from the farm. He was not told for what purpose they were wanted— whether for sale or otherwise. If it appeared that he undertook to procure them merely as an accommodation to Vittum personally, the corporation would not be liable under the compensation act. But where he undertook to procure them because directed to do so by the officer of the corporation to whose orders he was subject, the corporation is liable even if the work was outside the obligatory duties of his employment or was performed for another.

The Industrial Commission made no findings bearing upon the merits of the claim asserted against the corporation. It is not mentioned in the decision. The province of this court is to determine questions of law, not to make findings of fact. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; State ex rel. v. Industrial Commission, 155 Minn. 150, 193 N. W. 34.

But in a compensation case, where the legislature intended to give this court such broad powers as are stated in G. S. 1923, §§ 4320, 4321, and where the evidence leads to only one conclusion, we think that the parties ought not to be put to the expense and delay of another trial, and the cause is remanded with directions to make findings in accordance with the undisputed evidence as outlined in this opinion and to award to the petitioner and against the corporation such compensation as the facts warrant. The conclusion of the commission that Vittum as an individual was not within the act and therefore not liable for compensation was correct and is affirmed. An attorney's fee of $100 is allowed on the appeal of the petitioner.