# CHARLESTON.

DANIELS v. THE CHARLES BOLDT COMPANY.

Submitted March 28, 1916.    Decided April 4, 1916.

1. MASTER AND SERVANT—*Injuries to Servant—Declaration—Suffi-ciency.*

   The declaration in this case by an infant is good on demurrer, as one alleging a general employment, the relationship of master and servant, and defendant's duties in respect thereto, and a breach of those duties, but is not sufficient as one alleging a special contract of employment, and breaches thereof, resulting in personal injuries to complainant.    (p. 125).

2. SAME—*Injuries to Servant—Workmen's Compensation Act—Notice of Election—Sufficiency.*

   To have the protection afforded under chapter 10, Acts of the Legislature of 1913, known as the Workmen's Compensation Act, an employer must not only have paid the premiums provided thereby, but the injured employe must have had actual notice that his employer had elected to pay into the Workmen's Compensation Fund, the premiums provided by said act; but typewritten or printed notices thereof, when duly posted in conspicuous places about his place or places of business, as required by said act, will, as provided thereby, constitute sufficient notice to all his employes that he has made such election.    (p. 127).

3. SAME—*Trial—Instruction—Undue Prominence to Particular Facts —Modifications of Requests.*

   Defendant's instruction numbered 2 was rightly rejected, and number 3 properly modified, as not presenting clearly and without confusion the law of the Workmen's Compensation Act, applicable to the facts proven on the trial.    (p. 128).

4. SAME—*Injuries to Servant—Infant Employe.*

   It is actionable negligence for an employer who has employed an infant to work in a safe place, in or about the construction of a building, to order him to work in another place, of known danger for employes of that age, and from which place he falls and is injured.    (p. 129).

5. DAMAGES—*Excessive Damages—Personal Injuries.*

   The verdict in this case, twenty-five hundred dollars, for permanent injuries to a boy fifteen years of age, is not excessive.    (p. 130).

Error to Circuit Court, Cabell County.

Action by Charles H. Daniels, who sues by his next friend,

against The Charles Boldt Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Vinson & Thompson,* for plaintiff in error.

*Marcum & Shepherd* and *J. W. Perry,* for defendant in error.

MILLER, JUDGE:

·Plaintiff, an infant, suing by next friend, recovered against defendant a verdict and judgment for twenty-five hundred dollars, for alleged personal injuries, the result of the alleged negligence of defendant while he was employed as a water carrier about defendant's building, then in the course of construction.

The first point of error relied on to reverse the judgment is the overruling of defendant's demurrer to the declaration.   We think the pleading good, as one averring a general employment, the relationship of master and servant, and of the general duty of the master arising out of that relationship to use ''due, reasonable and ordinary care'' to provide the plaintiff with a reasonably safe place to work ''in and about'' the building of the defendant, and the duty to use reasonable care for the safety of plaintiff, an infant employee, while engaged about his work; and also breaches of those duties, and that the demurrer was therefore properly overruled.

In the brief of his counsel it is asserted that plaintiff's contract of employment was made with his mother; and upon the terms ''that the boy was not to be employed at dangerous and hazardous work, nor at a place where he could get hurt,'' this because of his youth and inexperience, and the trial seems to have been conducted by plaintiff's counsel on the theory of such a special contract, and negligence of defendant in breaching it, resulting in the injuries sustained, and for which damages were sought.

But no such special contract ·of employment was pleaded. There was perhaps an attempt to do so in the paragraph averring breaches of duty under the general contract of employment, but what is in fact there averred is not a contract, but that plaintiff's mother warned defendant not to permit plain-

tiff to work at any other place than upon the ground floor of said building, and not to permit him to work on the second and third stories thereof.   There is an attempt in the same paragraph to aver disregard of these warnings by defendant, but as an attempt to allege a special contract on the part of the defendant, and a breach thereof, we think the effort was entirely abortive, and ineffectual.   But as stated, the declaration being good as one averring a general employment, and the duty because of plaintiff's youth and inexperience to use reasonable care for his safety, and breaches of those duties by defendant respecting his employment, it was good as presenting that kind of a case.

But notwithstanding the character of the declaration the evidence of the plaintiff's mother, tending perhaps to prove such a special contract of employment, was offered and received without apparent objection, and the case seems to have been tried upon that theory; though no instructions were offered or given to the jury upon this theory of the case.

Plaintiff's counsel in their brief seem to urge this theory of the case in support of the judgment.   The law seems to be that a parent in his contract of employment may stipulate the kind of work his infant child is to be employed in, and that a breach of such a contract by the employer will support an action for the death or injury of the child, due to negligence of the employer therein.   *Haynie* v. *N. C. Electric Power Co.,* (N. C.) 73 S. E. 198, 28 Am. & Eng. Anno. Cases, 232. But such a case must be presented by the pleadings as well as by the proof.   *Union Pac. R. Co.* v. *Fort,* 17 Wall. 553, 559.

The case here presented is not like that of *Marbury Lumber Co.* v. *Westbrook,* 121 Ala. 179.   There the gravamen of the action was the employment of an infant at a dangerous place without the consent of his parents.   It involved no alleged breach of duty, growing out of the contract of employment, to use due care to furnish the employee with a reasonably safe place to work, as alleged in this case.

Next, it is complained that the court erroneously rejected defendant's instruction numbered 2, and erroneously modified and gave as modified instruction numbered 3.   By special plea filed, and on which issue was joined, defendant pleaded

in bar the benefit of chapter 10, Acts of the Legislature of West Virginia, 1913, known as the Workmen's Compensation Act, and compliance by it with all the terms and provisions thereof, by paying the monthly premiums, dues and assessments, required by said act, and notice thereof to all its employees, and specially to plaintiff before the injuries sustained by him.

Sections 22 and 23 of said act provide:

"Sec. 22. Any employer subject to this·act who shall elect to pay into the workmen's compensation fund the premiums provided by this act, shall not be liable to respond in damages at common law or by statute· for the injury or death of any employe, however occurring, after such election and during any period in which such employer shall not be in default in the payment of such premiums; provided, the injured employe has remained in his service with notice that his employer has elected to pay into the workmen's compensation fund the premiums provided by this act. The continuation. in the service of such employer with such notice shall be deemed a waiver by the employe of his right of action as aforesaid."

"Sec. 23. Each employer electing to pay the premiums provided by this act into the workmen's compensation fund shall post in conspicuous places about his place or places of business typewritten or printed notices stating the fact that he has made such election, and the same when so posted shall constitute sufficient notice to all his employes of the fact that he has made such election."

The evidence on this plea seems ample to support the fact of payment by defendant of all premiums, dues and assessments so as to bring it under the provisions of the act, but the evidence shows, and it is conceded, that defendant had not posted typewritten or printed notices as required by said section 23, its excuse being that it had applied to the state authorities therefor, and had not, at the time of plaintiff's injuries, received the same. But the statute makes no provision for the furnishing of such notice by the state, and its failure to do so gives no excuse for non-compliance with the requirements of the statute. The plain object of the statute in requiring notice is that employees thereafter continuing in the

employment may be thereby charged, as provided, with waiver of their common law rights of action against the employer for injuries sustained due to defendant's negligence while engaged in such employment.

An effort was made to charge plaintiff with notice by proving deductions from his wages, and retention by defendant, out of his weekly pay envelopes, of the proportion of the premiums chargeable to employees under said act. But we think the proof was short, and very unsatisfactory. However, the evidence, such as it was, was admitted, and defendant was given the benefit thereof, and its instruction number 4, given, was on the theory that notice acquired by employees in such manner is sufficient to relieve the employer, and to excuse his failure to post notices as required by the statute. Actual notice obtained by an employee in any other way than that provided by the statute we think would relieve an employer, but notice given according to the statute is, by the terms thereof, constituted sufficient notice.

Instruction numbered 2, rejected, would have told the jury that if they *believed* defendant had accepted the provisions of said act "and had complied with its provisions in the payment of premiums, *etc.,* then the plaintiff can not maintain this action and you should find for the defendant." The objection to this instruction, justifying its rejection, is that it would have left the jury in doubt as to what was intended to be covered by the *et cetera*, referred to therein. The material question before the jury was whether plaintiff had notice that defendant was operating under the workmen's compensation law. This instruction magnified the fact of payment of premiums, not controverted, and minimized the important factor, which was controverted, of notice to the employee, and for this reason was calculated to mislead and confuse the jury, and was therefore properly rejected.

The only modification of defendant's instruction number 3, given as modified, was in the omission of the words italicised, "or should have had notice thereof," as follows: "The Court instructs the jury that if they believe that the defendant corporation had accepted the provisions of what is known as the Workmen's Compensation Law in this State, found in

Chapter 10 of the Acts of the Legislature of 1913, and had complied with its provisions, by the payment of the premiums, as in the said Act required, and that they were not in default in the payment of any of the premiums at the time of the happening of the accident complained of in the plaintiff's declaration and that the plaintiff had notice of this fact, *or should have had notice thereof,* then the plaintiff can not maintain this action and you should find for the defendant.'' Plaintiff was entitled to the notice required by the statute, and which the statute provides shall constitute sufficient notice; or, if not the statutory notice, then certainly actual notice, in some form, for this continuance in the service of his employer after notice given, by force of the statute, operates a waiver by him of his common law right of action against his employer.

The trial court also rejected defendant's instruction number 1, and of this it also complains: Thereby it was proposed to tell the jury that plaintiff had not shown any negligence on the part of defendant entitling him to a recovery, and that they should find for defendant. Whether this instruction should have been given depends upon the character of the case made by the pleadings and proof. The declaration is not well drawn to present the theory of a special contract apparently relied on in the trial; but it does substantially aver the infancy of plaintiff and the duty imposed upon defendant, his employer, to use due, reasonable and ordinary care for his safety while so employed in working in and about said building, and a breach of those duties in ordering or permitting plaintiff to work on the third floor of said building and to walk upon and over loose planks or boards, and also in failing to provide plaintiff with a reasonably safe place to work while so employed, and by reason whereof he sustained the injuries complained of.

It is well settled that it is negligence on the part of an employer to engage and place at a dangerous employment, a minor, who, though instructed, lacks sufficient age and capacity to comprehend and avoid the dangers of the employment, if the employer has or should have notice of the minor's age and lack of capacity. *Bare* v. *Coal Company,* 61 W. Va. 28, 32,

and authorities cited.   It is conceded that plaintiff was not employed to work in a dangerous place on the defendant's building, but simply to carry water to the first floor of the building, where there was practically no danger; indeed, it is claimed by defendant's superintendent, that plaintiff, on account of the danger, was instructed not to go upon the upper floors of the building, and the evidence is that he did not go there until the day he fell and was injured.   So that it can not be said, we think, that defendant did not appreciate the danger of sending a boy of the age and capacities of plaintiff to work on the upper stories.

On the trial plaintiff relied on the alleged negligence of the defendant in ordering him to go upon the second and third floors of the building and employing him there where the danger was great and where he had been previously instructed not to go, evidently on account of his youth, and the dangers incident thereto.   The positive evidence of the boy is that although he had never done so before he was on the day of his injuries ordered to go there by defendant's superintendent, and whereby he sustained his injuries.   The superintendent positively denied having sent plaintiff up on the building as claimed, but on the contrary said that he had warned him not to go there.   The plaintiff swears that the superintendent, Spears, had his own boy working carrying water to the upper stories of the building, but that he had taken him away and put him to work in the blacksmith shop, and this is suggested as the reason for having sent plaintiff up there the day he was hurt.   Of course there was conflict in the evidence of plaintiff and Spears, a conflict, however, which only the jury were authorized to decide, and having found in favor of the plaintiff thereon we are not authorized to disturb the verdict.

It is intimated in the argument that plaintiff was guilty of contributory negligence, resulting in his injuries, but that is a defense which is denied defendant by the workmen's compensation law, under which it failed to finally qualify as already shown.

The last point is that the verdict was excessive, and that for this reason a new trial should have been awarded.   Considerable evidence tended to show permanent injuries sustain-

ed by plaintiff, and of this the jury were the judges. If permanent, we can not say the verdict was excessive.

It follows from our conclusions upon the other questions presented that the court properly overruled defendant's motion to set aside the verdict and grant it a new trial, and that the judgment complained of must be affirmed.

*Affirmed.*