John Paucher, Appellee, v. Enterprise Coal Mining Company, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Waiver of Rejection—Sufficiency. A rejection, by a master, of the Workmen's Compensation Act remains in full force and effect until the master does two things, to wit: (1) Files with the industrial commissioner a written waiver of said rejection; and (2) posts written notice of said waiver at his place of business. Nothing substantially short of the doing of these two things will reinstate the master under the act. So held as to an injured servant who had no actual notice of the waiver, and who, being a foreigner, could not have read the written notices of waiver, had they been posted. (Sec. 2477-m3, Code Supp., 1913.)

*Appeal from Polk District Court.*—W. H. McHenry, Judge.

November 16, 1917.

Rehearing Denied February 15, 1918.

Action for damages for injury in coal mine. Trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Clark & Byers,* for appellant.

*S. F. Prouty* and *Mulvaney & Mulvaney,* for appellee.

Preston, J.—1. The trial court held that defendant had not, at the time of the injury to plaintiff, complied with the provisions of the Workmen's Compensation Act in regard to electing to come within the same, and that it was without the act.

The errors assigned are, substantially, that the court erred in holding that defendant company was not within the provisions of the Employers' Liability Act because of its failure to post notice of its election to waive the rejection of said act, theretofore made; and in holding that defend-

ant can no longer avail itself of the common-law defenses of assumption of risk, etc., because of its failure to insure its liability, as provided in the act; in not permitting defendant to prove that it was generally known, at and about the mine, that defendant had waived its rejection of the act, and that it had filed notice of said waiver with the industrial commissioner.

It appears that, in May, 1914, defendant filed a notice with the industrial commissioner, rejecting the provisions of the Liability Act, and posted a notice of the same at its mines, as required by Section 2477-m of the Supplement to the Code of Iowa, 1913. This is admitted by the defendant; but it claims that thereafter, and on September 1, 1914, and before plaintiff was hurt,—which was in May, 1915,—it had taken such steps as would waive its rejection, by filing a notice with the industrial commissioner, and by tearing down the notices it had posted at the mine, prior thereto, rejecting the act. The notice just referred to was addressed to the Iowa industrial commissioner, and recites that it accepts the provisions to pay compensation, as provided in the act. It is admitted by defendant that it had not posted any kind of a notice at its place of business, as provided by Section 2477-m3 of the Supplement to the Code of 1913. That section reads:

"When the employer or employe has given notice in compliance with this act, electing to reject the terms thereof, such election shall continue and be in force until such employer or employe shall thereafter elect to come under the provisions of this act, as is provided in subdivision (b) of this section.

"(b) When an employer or employe rejects the terms, conditions or provisions of this act, such party may at any time thereafter elect to waive the same by giving notice in writing in the same manner required of the party in electing to reject the provisions of the act, and which shall be-

come effective when filed with the Iowa industrial commissioner."

Section 2477-m, Paragraph 4 (d), provides, in part, that the employer shall be presumed to have elected to pay compensation according to the provisions of the act, "unless and until notice in writing of an election to the contrary shall have been given to the employes by posting the same in some conspicuous place at the place where the business is carried on, and also by filing notice with the Iowa industrial commissioner, with return thereon by affidavit, showing the date that notice was posted, as by this act provided."

The defendant pleaded and sought to prove that, from and after the first day of September, when it filed notice of election with the commissioner, and tore down the notice of rejection, it was a matter of common knowledge, and generally talked among the employes of defendant, that it had waived its rejection of the provisions of the Compensation Act and had elected to accept the provisions of said act. It is not claimed, however, that plaintiff had any actual notice or knowledge thereof.

The defendant had not insured its liability under the Compensation Act, nor had it furnished proof to the insurance department, nor to the Iowa industrial commissioner, as to its solvency and ability to pay the compensation and benefits provided for by the act, nor deposited with the insurance department any security to secure the payment of such compensation. Defendant alleged, however, that it was solvent, and financially able to pay. Plaintiff claims that, because defendant had not complied with this insurance feature of the law, it was, for this reason also, not within the provisions of the act. If plaintiff's position as to either of these points is well taken, then the ruling of the trial court was correct. We think a substantial compliance with the law in the respects mentioned, as to giving notice of election, and the waiver thereof provided in the

section quoted, etc., is required. There was not a substantial compliance by the defendant in these respects. It is possible that, had plaintiff had actual notice of the facts, it would be binding upon him; but it is not necessary to discuss that question, because, as stated, there is no claim that he did have actual notice.

Plaintiff was an Austrian, and could not talk or read the English language; and defendant says that, had a notice been posted, it would have been unavailing. But it is clear that notice given according to the statute would constitute sufficient notice. We suppose one of the provisions of the act was to provide a simple, speedy remedy in such cases, and to simplify the procedure. To hold that there may be material departures from the provisions of the act would tend to make confusion, would raise questions of fact for determination in some cases, and disputed questions of law, and tend to complicate the determination of such cases. The statute quoted plainly requires a notice in writing to be posted, and filed with the industrial commissioner. Defendant did file a notice with the commissioner, but, as said, no notice was posted. If there was any other notice than that filed, even under defendant's contention, it was no more than the rumor or general talk among defendant's employes, as it claims.

Appellee cites *Moore v. Marshalltown Opera-House Co.,* 81 Iowa 45, and other cases, to the point that, where the law requires a notice to be filed, an implication is that it shall be in writing, and oral notice is insufficient. As said, the statute in question requires the posting of a written notice. Though not cited, we think *Troth v. Millville Bottle Works,* 89 N. J. L. 219 (98 Atl. 435), and *Daniels v. Chas. Boldt Co.,* 78 W. Va. 124 (88 S. E. 613), have a bearing. In the first case, it was held that a notice posted around the works and given through the medium of the pay envelope was not in compliance with a statute providing that, "in the em-

ployment of minors, Sec. 2 shall be presumed to apply unless the notice be given by or to the parent or guardian of the minor." In the *Daniels* case, the substance of the holding was that the evidence showed the, fact of payment by defendant of all premiums, dues, and assessments, so as to bring it under the provisions of the act, but that defendant had not posted typewritten or printed notices, as required by the act. Defendant's excuse was that it had applied to the state authorities therefor, and had not, at the time of plaintiff's injuries, received the same. The statute there made no provision for the furnishing of such notice by the state, and it was held that its failure to do so gives no excuse for non-compliance with the requirements of the statute.

A decision in the Supreme Court of Massachusetts has some bearing, too. In *Young v. Duncan*, 218 Mass. 346, cited in note to 8 Neg. & Comp. Cases, at 653, the question was whether an employe must receive notice that the employer is a subscriber, before he can be held to have waived his common-law rights, and whether the failure of the employer to give the notice required of him renders the Compensation Act inoperative as to the unnotified employe, if the latter so elects. The question in that case was in regard to notice by the employe. In discussing the questions, the court quoted a part of the act, as follows:

"An employe  *  *  *  shall be held to have waived his right of action at common law to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed such right, or, if the contract of hire was made before the employer became a subscriber, if the employe shall not have given the said notice within thirty days of notice of such subscription," and said:

"This sentence is plain and definite. The employe is held to have waived his common law right if he fails to

give notice 'at the time of his contract of hire.' This absolute and unequivocal provision is not made to depend upon any other condition or circumstance. It is not made to rest upon knowledge or notice to him of the fact that the employer is a subscriber. That it was not intended to be dependent upon such knowledge or notice is plain from the concluding clause, which, in the event of the employer becoming a subscriber after the employment, makes such waiver dependent upon notice. The expression of this condition in the one class of cases impliedly would exclude it from the other, even if the language used were less plain. It seems clear beyond a doubt from these words that the notice is required to be given when the terms of the employment are fixed by the contract of hire."

The opinion further discusses the question whether the language quoted was modified by an amended statute. The holding was that the amendment did not apply to notice by the employe.

We think the ruling of the trial court was correct as to defendant's failure to post notice.

2. In the court below, plaintiff contended that defendant was not in a position to claim the benefits of the Liability Act, for the reason that it had not taken out the insurance as provided by Section 2477-m41, Code Supplement, 1913; and the lower court so held. Appellant cites no authority on this assignment of error, and apparently is not pressing the question, because there is little argument. The section last referred to provides:

"Every employer, subject to the provisions of this act, shall insure his liability thereunder in some corporation, association or organization approved by the state department of insurance. Every such employer shall, within thirty days after this act goes into effect, exhibit, on demand of the state insurance department, evidence of his compliance with this section; and if such employer refuses or

neglects to comply with this section, he shall be liable in case of injury to any workman in his employ under Part One of this act."

There is some ambiguity about the words "Under Part One of this act," but the trial court held that, under the entire act, construed together, it requires the employer to take out this insurance, or be subject to the liabilities of one having rejected the act. We are inclined to this view; but, in view of the fact that, as stated, this point is not pressed, and the further fact that the point in Paragraph 1 of the opinion is decisive of the case, we do not feel that we are required to pass upon the point.

It is our conclusion that there is no error, and the judgment of the district court is, therefore,—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.