## MURRAY v. STRIKE.

No. 4904.    Decided May 17, 1930.    (287 P. 922.)

H. L. *Mulliner,* of Salt Lake City, for appellant.

*Hamilton Gardner* and *Stewart, Alexander & Budge,* all of Salt Lake City, for respondent.

FOLLAND, J.

This action was brought by plaintiff to recover damages for personal injuries alleged to have been caused by negligence of defendant's agent. Plaintiff was employed by defendant in domestic service as housekeeper and while riding in an automobile, driven by a daughter of defendant, the accident complained of happened. Defendant denied negligence, and alleged that he had elected to and had brought plaintiff under the Workmen's Compensation Act by insuring with an insurance carrier, and that plaintiff's only remedy against him was by a claim filed with the Industrial Commission of Utah for compensation as provided by the Compensation Act (Comp. Laws 1917, §§ 3061-3165, as amended).

The reply of plaintiff denied that she was insured and alleged that the defendant had failed otherwise to comply with the Compensation Act so as to bring her within its operation. The court heard evidence and tried the issue as to whether or not plaintiff was within the act, without trial of the other issues raised by the pleadings, and found in effect that plaintiff was covered by industrial insurance and that her exclusive remedy was by claim before the Industrial Commission of Utah. The cause was thereupon dismissed. The action of the district court in dismissing the cause is

assigned as error and raises the only question we are called upon to decide.

Under the statutes of this state the plaintiff, a domestic servant, is excluded from the operation of the compulsory Compensation Law unless brought within its provisions by the defendant procuring industrial insurance and otherwise complying with the statute. The material facts are the following: The defendant, George N. Strike, was a widower residing with his two daughters at the family residence on Kensington avenue in Salt Lake City. He is in the laundry business at Murray, Utah. At the time of the accident he was the owner of a farm in Holliday district east of Murray and which obtains its mail through the post office at Murray. He was at the time constructing a home on the farm which, shortly after the accident, was completed and to which he and his family moved. On his farm he employed three farm laborers. Mrs. Murray, the plaintiff, was employed as housekeeper and domestic servant at the family residence. In addition to strictly household duties she was required to look after the purchasing of supplies, to assist defendant's daughters in the purchase of personal apparel, and to accompany them on shopping and other expeditions. The accident happened while she was engaged within the scope of her employment on some shopping expedition in Salt Lake City on April 28, 1928. The defendant applied for and obtained from the Commercial Casualty Insurance Company a policy of industrial insurance dated March 20, 1928, which was in full force and effect at the time of the accident. The policy was introduced in evidence, and, so far as material here, contains the following under the heading "Declarations." It is in the usual printed form, the typewritten portions being underscored.

"Item 1. Name of this Employer *George N. Strike.* P. O. Address *c/o Murray Laundry Co., Murray, Utah.* Individual, co-partnership, or estate? *Individual.*

"Item 2. The period during which the Policy shall remain in force, unless canceled as in the Policy provided, (herein called the Policy Period) shall be from *March 20, 1928* to *March 20, 1929.* * * *

"Item 3. Locations of all factories, shops, yards, buildings, premises or other workplaces of this Employer, by Town or City, with Street and Number. *Murray, Utah.*

| Classification of Operations. | Annual Estimated Total Remuneration | Rate per $100. of Remuneration | Estimated Premium |
|---|---|---|---|
| 1 (a) *All employees of Whatever Nature excluding only clerical office employees.* *No. 0006.* | *$1,400.00* | *$1.75* | *Minimum Premium 26.00* |

"Item 4. The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the Policy Period of all such remuneration. * * *

"Item 5. This Employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated. *no exceptions*"

What is claimed to be a copy of this policy was, on April 13, 1928, filed with the Industrial Commission. This document was introduced as an exhibit. It seems to be a copy of the original policy with one important exception. Under the heading "Classification of Operations" Item 1 (a) is the following:

"Farm labor: All employees of Whatever nature, excluding only Clerical Office Employees. No. 0006."

The words "farm labor" on the copy filed with the Industrial Commission appear to have been written directly under the typewriter ribbon, whereas the other typewritten entries seem to be in carbon. It is apparent, however, that the copy filed was not a carbon copy of the original policy.

Attached to the copy of the policy on file with the Commission is a notice reading as follows:

"To The Industrial Commission of Utah:

"The undersigned has complied with Title 49, Laws of Utah 1917, and amendments thereto, by insuring the liability of employers for

compensation with the Commercial Casualty Insurance Company, Newark, New Jersey, an insurance company duly authorized to transact the business of insurance in the State of Utah, a copy of the policy being hereto attached.

"Dated at Murray, Utah, this 2nd day of April 1928.

"McShane.                                   George N. Strike."

The word "McShane" was shown to have been the signature of Commissioner McShane and to have been indorsed thereon after filing. No other notice or copy of policy was filed with the Industrial Commission. One of the employees of the Industrial Commission produced a manual published by the National Compensation Rating Bureau which contained classifications of the various kinds of labor, together with rates of insurance applicable to each. The classifications were read in evidence, although the rates were not. These rates and classifications have the approval of the Industrial Commission and were used and are used in the writing of all policies of insurance by insurance carriers. The classification in the manual on farm laborers is as follows:

Farm Labor

All employees of whatever nature, excluding only

Clerical office employees ................................... 0006
Clerical office employees ................................... 8810

The classification with regard to employees at private residences is as follows:

Private residences

*Compensation and Employers' Liability*—Annual premium charges (subject to Minimum Premium rules on page 24) on a per capita basis shall be made in accordance with the following classifications:

1. Private Chauffeurs, each ................................ 0911
2. Inservants, each ....................................... 0913
3. Outservants, each ..................................... 0912
4. Occasional Inservants ................................. 0908
5. Occasional Outservants ................................ 0909

The evidence is clear that the original policy was in its present form delivered to defendant by the insurance agency on about the date it bears, and that the copy filed with the Industrial Commission was received at its office in the form

in which it appears. The evidence does not clearly show who wrote the words "Farm Labor" on the copy. It is intimated that this might have been done by an employee of the Mountain States Rating Bureau. It was testified that all policies of this character passed through the hands of this bureau to see that "they are properly classified and rated." It was also testified that the figures "0006" which appear both on the original policy and the filed copy indicate that the classification refers to "Farm Labor."

Section 3110, Comp. Laws Utah 1917, as amended by Laws Utah 1919, c. 63, provides what employers are subject to the Compensation Law and also the exceptions, among which are employers of agricultural laborers and domestic servants, and further provides that employers of "agricultural laborers and domestic servants * * * shall have the right to come under the terms of this title by complying with the provisions thereof and all rules and regulations of the Commission."

Section 3111, Comp. Laws Utah 1917, as amended by Laws Utah 1919, c. 63, which defines employees who are under the act, excepts "agricultural laborers and domestic servants in the service of an employer."

It is claimed by defendant that he complied with all provisions of the law so that he effectually brought within the operation of the Compensation Act this plaintiff. To determine what acts are necessary to be done by the employer we look to the statutes. Section 3114 requires employers to insure and keep insured payment of compensation with any stock corporation. Other methods are provided not necessary to be considered here.

Section 3115 requires that the "employer shall forthwith file with the commission in form prescribed by it a notice of his insurance, together with a copy of the contract or policy of insurance."

Section 3128 requires that "each employer providing insurance or electing directly to pay compensation to his injured or the dependents of his killed employees * * *

shall post in conspicuous places about his place of business typewritten or printed notices stating the fact that he has complied with the provisions of this title and all of the rules and regulations of the commission made in pursuance thereof.   *   *   * "

From these provisions of the law it is apparent that the statute requires of an employer, of excepted employees, that he shall meet the following requirements in order to bring himself and such employees within the provisions of the Compensation Act: (1) Secure insurance and keep insured; (2) file notice of his insurance together with copy of the policy with the Industrial Commission; and (3) post typewritten or printed notices on or about the premises showing that he has complied with the law.

Farm laborers and domestic servants, having been excepted from the provisions of the act, are hereby left in the same situation they would have been had the act not been passed. Such employees, in the event of accident or injury, are entitled to pursue their common-law remedies in an action against the employer. Our statute does not extend to the employee the option to bring himself within the protection of the Compensation Law, but does confer upon the employer the privilege of bringing himself and his employee within the act. When the employer exercises this option the employee thereby loses the right to pursue his common-law remedies and is restricted to the remedies provided by the act. This is an important change in status and may deprive the employee of rights which, under some circumstances, may be more valuable to him than those he gains. The change cannot be effeced merely by contract between the employer and an insurance carrier, but can be effected by compliance with the statute. It is uniformly held by the courts that all statutory requirements must be complied with or the status remains unchanged. *Ocean Accident & Guarantee Co.* v. *Industrial Commission,* 69 Utah 473, 256 P. 405; *O'Rourke* v. *Percy Villum Co.,* 166

Minn. 251, 207 N. W. 636. We are of the opinion the evidence shows that these statutory requirements have not been strictly, or even substantially complied with as applicable to domestic servants in defendant's employ. First, with respect to the policy of insurance. It is doubtful whether the policy issued to defendant is broad enough to include the plaintiff. The classification number 0006 and the provision as to place of business would indicate it was written to cover farm laborers only at defendant's farm.

On the other hand, the statement under the heading "Classification of Operations" of "All Employees of whatever Nature, excepting only Clerical office Employees" with the omission of the words "Farm Labor" might indicate an intention to include domestic servants. The policy is not free from ambiguity. The insurance carrier not being a party to this action, we express no opinion as to its liability under the policy. For the purpose of this decision, however, we may assume, without deciding, that the policy does include domestic servants and that plaintiff is within its coverage. Second, as to notice filed with the Industrial Commission together with copy of the policy. The notice referred to the copy of policy attached thereto so that the notice is no broader than this copy. The copy filed is not a copy of the policy of insurance issued to defendant. The words "Farm Labor" in the filed copy, together with the classification number 0006 and the other declarations therein contained, give notice to the Industrial Commission, and to the public, that the election and the insurance policy cover merely farm laborers and do not include domestic servants. Had a domestic servant been intended to be included that fact should have been specified by use of the classification "Inservants 0913." The filed copy of policy, referring as it does to farm laborers with the correct classification number for that class of employee, is also restricted by item No. 5, which indicates that the employer is conducting no other operations at any other location than as therein disclosed, which is Murray, Utah.

The residence where plaintiff was employed was in Salt Lake City. An employer, being free to come under or stay out, may accept as to one class of employees and not as to another. *Anderson* v. *McVannel,* 202 Mich. 29, 167 N. W. 860; 1 Honnold on Workmen's Compensation 195. Third, as to notice posted on the premises. It is admitted that no notice was posted on or about the premises where plaintiff worked. In cases such as this where the election to bring an employee within the provisions of the Workmen's Compensation Act rests entirely within the discretion of the employer, the matter of complying with the law with respect to posting notices is of vital importance because it is the only thing required to be done which directly gives the employee notice of change of status. Defendant testified that while he had not posted any notice, he had told plaintiff he had taken a policy of insurance which would cover her in her employment. This is denied by plaintiff. Verbal notice does not comply with the law. It may well be that an employee, having been informed of the insurance, and seeking to obtain the benefit thereof, may have the right to waive compliance with this provision of a law enacted for her benefit. This plaintiff, however, does not waive strict compliance with the statute. Where the statute requires posting and filing of notice, it has been held that the filing of notice, without posting, does not bring the employee within the provisions of the act. *O'Rourke* v. *Percy Villum Co.,* supra; *Paucher* v. *Enterprise Coal Co.,* 182 Iowa 1084, 164 N. W. 1035; *Veveridge* v. *Ill. Fuel Co.,* 283 Ill. 31, 119 N. E. 46.

It is contended by respondent that section 3128, supra, cannot apply, because in addition to, and immediately following, the language above quoted from the section, is the following: "And has been authorized by the commission directly to compensate such employees or dependents, and the same, when so posted, shall constitute sufficient notice to his employees of the fact that he has complied with the law as to securing compensation to his

employees and their dependents." It is said that having obtained his insurance in a stock company he could not truthfully state in a notice that he had been "authorized by the commission directly to compensate such employees." It is apparent from reading the section as a whole that it was intended to require all employers to post such notice with the appropriate information, whether the employer provided insurance or elected directly to pay compensation. Undoubtedly some language has been inadvertently dropped from the section, probably some such language as this, after the first word "and" quoted above, "has procured insurance or." The intent and purpose of the section being clear, it cannot be defeated and made of no effect because of such defect, but will be given effect by us so as to effectuate what clearly appears to be its true purpose.

Our conclusion is that defendant failed to file notice affecting the status of plaintiff and a copy of the policy of insurance with the Industrial Commission, and failed to post notice on or about the premises as required by law. That he has not brought the plaintiff within the provisions of the Workmen's Compensation Act so that its provisions apply to her without her consent. She is therefore free to pursue her common-law remedies in her action against defendant.

The judgment of the lower court is reversed, and the cause remanded to the district court of Salt Lake county, with directions to reinstate the cause, and proceed with the trial thereof, in accordance with the views herein expressed. Costs to the appellant.

CHERRY, C. J., and ELIAS HANSEN, STRAUP, and EPHRAIM HANSON, JJ., concur.