# Richmond

JOHN B. DEY, ET AL. V. ALLEN LOGAN.

JOHN B. DEY, ET AL. V. ELLA HAWKINS.

February 27, 1940.

Present, All the Justices.

The opinion states the case.

*W. Shepherd Drewry,* for the appellants.

*Rixey & Rixey,* for the appellees.

PER CURIAM.

The record in these two cases, tried together, is before us on a petition for appeal from an order of the Industrial Commission refusing to assume jurisdiction of the proceedings.

Section 15 of the Workmen's Compensation Act, Acts 1918, ch. 400 (Code, section 1887(15)), as amended by Acts 1938, ch. 249, p. 386, provides that certain classes of employers, including farmers, and their employees are excluded from the act "unless such employees and their employers voluntarily elect to be bound by this act."

In May, 1939, John B. Dey, a farmer in Princess Anne county, had in his employ a large number of strawberry pickers, each of whom was paid at the end of the day for the quantity of berries picked. As a part of their compensation Dey furnished these employees transportation in his trucks between their residences and the various fields where they worked. On May 27th two of these employees, Marie Logan and Ruth Hawkins, aged fourteen and thirteen years, respectively, were killed in a collision between two of Dey's trucks. It is admitted that the accident arose out of and in the course of the employment.

Within the proper time Dey reported the accident to the Industrial Commission and requested a hearing on his liability for compensation. The personal representatives of the employees challenged the jurisdiction of the Industrial Commission, and before that question could be determined instituted actions at law in the Circuit Court of Princess Anne county against Dey for the wrongful death of the employees. Dey filed pleas in abatement in each of the cases alleging that the Industrial Commission had exclusive jurisdiction of the claims.

At the trial of the issues raised by the pleas in abatement all matters of law and fact were submitted to the court without a jury. The question presented was whether Dey and the deceased employees had voluntarily elected to be bound by the Workmen's Compensation Act.

The evidence showed that from 1929 until the date of the accident Dey had carried a workmen's compensation policy, a copy of which had been filed with the Industrial Commission in the prescribed manner.

The decision of the question turned, then, upon whether the employer had complied with the following rules of the Industrial Commission promulgated pursuant to the authority granted it by section 55 of the act (Code, section 1887(55)):

*"Posting Notices.*—Every employer within the operation of the Virginia Workmen's Compensation Act shall post and keep posted, conspicuously in his plant, shop or place of business usually frequented by his employees, notice of his compliance with the provisions of the act. Such notice may be in writing or in print and shall follow substantially the form prescribed by the Industrial Commission (Form No. 1)."

*"Liability and Requirements of Employer Carrying Workmen's Compensation Insurance.*—Every employer taking out a Workmen's Compensation Insurance Policy, or qualifying as a self-insurer, shall be subject to all the provisions of the Workmen's Compensation Act. This rule

applies to all employers, regardless of the number of employees.

"All employers shall post and keep posted a copy of this rule, in a place or places conspicuous to his employees. In unusual cases, where such posting is not possible, as where the employer has no fixed place of operation in the State, the rule must be made known personally to the employees affected."

*"Employees Subject to Act Unless Rejection Right Exercised.*—Every employee of employers who have complied with the foregoing requirements shall be subject to all the provisions of the Workmen's Compensation Act unless and until he notifies the Industrial Commission of Virginia that he elects not to be bound by the provisions of the Act, in which case the burdens are assumed as provided in Section 17 of the Act."

There was no evidence whatsoever that the employer had posted the notices required by these rules at a place or places where they were likely to be seen by the strawberry pickers. There was testimony that about two years prior to the accident the required notices had been posted at the employer's barn and at a near-by gas pump, but the record also showed that these places were some distance from the fields where the strawberry pickers worked, and that this class of employees had no occasion to go there. Moreover, there was no evidence that the strawberry pickers, the class of employees to which the deceased belonged, had actual knowledge of these notices or the fact that their employer had taken out workmen's compensation for their benefit or that he had complied with the provisions of the act and intended to be bound thereby.

The circuit court held that this evidence failed to show that the employer and the deceased employees had voluntarily elected to be bound by the Workmen's Compensation Act. Consequently it overruled the pleas in abatement and retained jurisdiction of the common law actions.

Shortly thereafter the proceedings before the Industrial Commission came on to be heard. By stipulation of coun-

sel the evidence taken before the circuit court on the pleas in abatement was filed with the Commission.

■ The Commission held that it is the manifest purpose of the above rules to require an employer of the excluded class who desires to come within the purview of the act to so notify his employees either by posting notices of his intention in a place or places where they are likely to be seen by the employees, or, where such posting is not practicable, to give such employees actual notice of his intention; that any employee then has the right to reject the act by so notifying the Industrial Commission; and that in the absence of such notification the employees are presumed to have elected to be bound by the act.

■ Applying these principles to the instant case the Commission further held that since the employer had not given the deceased employees either actual or constructive notice in the manner prescribed by the rules of his intention to be bound by the act, such employees could not be held to have voluntarily elected to be bound by its provisions. Hence it entered the order appealed from denying jurisdiction of the proceedings.

It is our opinion that the order of the Industrial Commission is plainly right and, therefore, the appeal is refused.

*Appeal refused.*