Clarence JUSTICE, Plaintiff,

v.

**SOUTHERN RAILWAY COMPANY, a Virginia Corporation, and the Brotherhood of Railroad Trainmen, Defendants.**

Civ. 1487.

United States District Court
W. D. North Carolina,
Asheville Division.

Aug. 9, 1956.

---

McLean, Gudger, Elmore & Martin, Asheville, N. C., for plaintiff.

Ward & Bennett, Asheville, N. C., for defendant Southern Railway.

Uzzell & DuMont, Asheville, N. C., for defendant Brotherhood of Railroad Trainmen.

WARLICK, District Judge.

This matter was heard before me on the motion of the Brotherhood of Railroad Trainmen to dismiss the action as to it for that the Court lacks jurisdiction and additionally for a lack of diversity of citizenship, and upon motion of the defendant Southern Railway Company for summary judgment and for dismissal of the action for want of jurisdiction; each of said motions was supported by affidavits. After a lengthy hearing, followed by the argument of counsel and a full consideration of the pleadings filed and the proof offered, the following findings of fact and conclusions of law are made:

1. Plaintiff, Clarence Justice is a resident of Asheville, N. C. and is a member of the Brotherhood of Railroad Trainmen. He was employed by the Southern Railway Company at its Asheville Yard as switchman on May 23, 1943, and continued to work on the Asheville Yard as switchman until May, 1952, at which time he, as well as certain other switchmen, employees, was laid off on account of a lack of business; that at the time of being cut off on account of said business decline, at the Asheville Yard, plaintiff retained his seniority on the Asheville Division of Southern Railway Company; that on August 6, 1952, plaintiff and several other employees (switchmen) who were cut off for lack of business on the Asheville Yard, were given work on the Columbia, South Carolina yard of Southern Railway Company under an express understanding that they were not being transferred and hired as yardmen by the Columbia Division; that the plaintiff, as well as the other employees, was given only temporary employment on the Columbia Division when cut off as yardman in Asheville; that when plaintiff was given temporary work on the Columbia Yard, he and his associates, who had been borrowed from the Asheville Yard, were placed on what is known as the "Extra Board" at Columbia; and that in October 1952 the "Extra Board" at Columbia was reduced at which time the plaintiff and other employees who had been loaned by the Asheville Yard to the Columbia Division were likewise cut off.

It is further found as a fact from the affidavits filed and from paragraph 1 of the amended complaint that the "Extra Board" at Columbia was "cut" and the plaintiff and the other employees who were borrowed from the Asheville Yard were displaced therefrom at the request of the Brotherhood of Railroad Trainmen through its local chairman at Columbia, and as the duly authorized and acting agent of the Brotherhood and of the

plaintiff. In this connection the Court specifically finds from the contract in existence between the Brotherhood of Railroad Trainmen and the Southern Railway Company at the time of the grievances set forth that "Extra Boards will be reduced when requested by the Local Chairman". Article XII, Section B of the Contract.

2. That after plaintiff was removed from the Extra Board in Columbia, he returned to Asheville, and on October 5, 1954, was recalled to work by the Southern Railway Company in accordance with his seniority on the Asheville Division and worked until June 1955, when again he was cut off due to a reduction in force. Plaintiff has at all times and now retains his seniority rights on the Asheville Division and is eligible for work when conditions so warrant.

3. The Brotherhood of Railroad Trainmen is an unincorporated association with a local chairman located and with members residing in Asheville, N. C.; that at all times complained of there was in effect between the Brotherhood of Railroad Trainmen and the Southern Railway Company a labor agreement providing for rates of pay, rules, regulations and working conditions for its members, and that the Brotherhood was the accepted and accredited bargaining organization for the plaintiff in this case.

4. That after the Extra Board was cut on the Columbia Division at Columbia, at the instance and request of the local chairman of the Brotherhood of Railroad Trainmen in October 1952, plaintiff made claims and demands pursuant to Article 45, Section 1 of the bargaining agreement by presenting to the Superintendent of the Columbia Division his contention to the effect that his seniority rights had been violated. Thereafter the Superintendent of the Columbia Division, on a hearing, held adversely to the plaintiff's claims and thereupon plaintiff appealed to the General Manager in Charlotte, North Carolina. The decision of the Superintendent was affirmed, whereupon the plaintiff appealed from the rulings of the Superintendent and General Manager to the defendant's Chief Personnel Officer (now called Director of Labor Relations), and that such claims and demands growing out of the cutting of the Columbia Extra Board were presented by the plaintiff's duly authorized collective bargaining representative, the Brotherhood of Railroad Trainmen; that said claims and demands of the plaintiff were denied by the Chief Personnel Officer of the Southern Railway Company.

That plaintiff's claims were duly handled by the defendant Southern Railway Company in accordance with the provisions of the aforesaid contract and the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and that neither plaintiff, nor his collective bargaining representative, took further action on said claims within the time required by the contract in existence between the Brotherhood of Railroad Trainmen, bargaining agent and representative of the plaintiff, and the Southern Railway Company, under and by virtue of the Railway Labor Act.

5. That after plaintiff's claim was denied by the Chief Personnel Officer of the Southern Railway Company, the plaintiff took no further action or appealed therefrom, and that more than — years elapsed from the date of the decision of the Chief Personnel Officer (now called Director of Labor Relations), prior to the institution of this action, and no appeal or other proceedings were taken by the plaintiff since his claim was denied, until the institution of this action.

6. It is found that C. O. Hice is a general Chairman of the Brotherhood, charged with the duties of handling grievances on behalf of its members, but that he is not an officer or director of said Brotherhood.

7. The Court finds that when the Extra Board was cut on the Columbia Division at the request of the Local Chairman of the Brotherhood of Railroad Trainmen at Columbia, that the plaintiff, if he had any grievances by reason of being cut off of said Extra

Board, presented his claim by and through his representative and bargaining agent the Brotherhood of Railroad Trainmen, in accordance with the contract then in existence between the Brotherhood of Railroad Trainmen and the Southern Railway Company, and that no appeal was taken from an adverse ruling by the Chief Personnel Officer of the Southern Railway Company.

8. That after the Court had heard the pleadings read, the affidavits offered and especially after reading the affidavit of L. G. Tolleson, Director of Labor Relations (formerly Chief Personnel Officer of the Southern Railway Company) the Court, on its own motion suggested to counsel for plaintiff that the Court would continue said hearing if the plaintiff could and desired to file an affidavit in denial of the matters and things set forth in said affidavit of L. G. Tolleson, and particularly invited the plaintiff to deny, if he could, that he now holds and at all times has held and retained seniority rights on the Asheville Division of the Southern Railway, since his employment as a switchman thereon, and the plaintiff elected to close said hearing without denial of the same.

On these findings of fact I conclude:

That this suit is governed entirely by the terms of the Railway Labor Act, 45 U.S.C.A. § 151a, and a determination must be controlled by such act and the decisions of the court in line therewith. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Spires v. Southern Ry. Co., 4 Cir., 204 F.2d 453, 454. In the last cited case Judge Parker, among other things, said:

> "The Railway Labor Act was passed to provide for the settlement of 'all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions'."

It would thus appear that the plaintiff did not within the time permitted, or allowed by the contract, appeal the decision of the highest designated official of the carrier handling grievances and has not therefore exhausted his administrative remedies. That the plaintiff's grievances as set forth in his pleadings, is a dispute which is exclusively within the jurisdiction of the Railway Adjustment Board.

That this Court does not have jurisdiction of the cause of action alleged in the pleadings as between the plaintiff and the defendant Southern Railway Company and does not have jurisdiction of the grievances alleged in the amended pleadings as between the plaintiff and the Brotherhood of Railroad Trainmen.

I conclude that this action must be and the same is hereby dismissed.

Counsel will submit decree.