**Teddy ROSEBEAR, Plaintiff,**

v.

**Ernie W. ANDERSON, Defendant.**

**Civ. No. 2856.**

United States District Court
D. North Dakota,
Northeastern Division.

Aug. 22, 1956.

A. F. Arnason, Grand Forks, N. D., for plaintiff.

Paul M. Sand, Asst. Atty. Gen., of North Dakota, Bismarck, N. D. (for Workmen's Compensation Bureau), for defendant.

DAVIES, District Judge.

This is a common law negligence action brought by an employee, a Minnesota Indian, against his employer, a North Dakota farmer, to recover damages for personal injuries received when the employee was thrown to the ground from a grader which he was operating

attached to the back of a tractor driven by the farmer. It was tried to this Court without a jury.

An answer to plaintiff's complaint was prepared for defendant by the attorney for the North Dakota Workmen's Compensation Bureau, asserting the affirmative defense that the exclusive remedy of the plaintiff was under the North Dakota Workmen's Compensation Act. Defendant had elected to be covered by the Act and was paying premiums into the compensation fund at the time of the injuries.

■ However, this Court concludes, from the evidence adduced upon the trial of the case, that defendant herein failed to post a notice in a conspicuous place upon the farm within the meaning of the North Dakota Workmen's Compensation Act, or otherwise effectively notify the plaintiff of his election to come under the Act; and plaintiff, who could neither read nor write nor competently converse in English, had no actual knowledge of such election. After presentation of the plaintiff's evidence and at the close of the trial, defendant moved to dismiss the action (as authorized by Rule 41(b), second sentence, of the Federal Rules of Civil Procedure, 28 U.S.C.A.) upon the ground that as a matter of law the plaintiff has shown no right to relief. A ruling on this motion was reserved, and the parties were given additional time to prepare and file briefs.

■ The question here presented is whether an injured farm laborer having no actual or constructive notice of his employer's election to be bound by the North Dakota Workmen's Compensation Act can maintain, apart from the Act, a common law action against the employer for damages.

It is the opinion of this Court that he can maintain such action, and that the motion to dismiss should be denied. In respect of employees *covered by the North Dakota Workmen's Compensation Act*, there is no doubt that the common law right of action has been abrogated.[1]

But farm employment is *not covered by the Act*. N.D.Rev.Code (1943), Section 65–0102(4) (a) (1). It can become covered only by the farm employer's compliance with requirements of the Act as to electing to be covered, payment of premiums into the compensation fund, and posting a notice of such election in a conspicuous place at the farm.[2] The requirement of notice would seem to be indispensable, although constructive posted notice, irrespective of actual notice, may be adequate under the following statutory language: "Each employer paying premiums into

---

1. N.D.Rev.Code (1943), section 65–0101: "all civil actions and civil causes of action for such personal injuries and *all jurisdiction of the courts of the state* over such causes are abolished except as is otherwise provided in this title"; Section 65–0108, as amended N.D.Laws 1951, c. 342, § 1: "the employee * * * shall have *no right of action* against such contributing employer * * * for damages for personal injuries, but shall look solely to the fund for compensation"; Section 65–0428, as amended N.D. Laws 1949, c. 354, § 4: "*Employers who comply* with the provisions of this chapter *shall not be liable* to respond in damages *at common law or by statute* for injury to or death of an employee"; Section 65–0429: "Any employer carrying on any employment not classed as hazardous [for example, farm employment] * * * who complies with the provisions of this title * * * shall not be liable to respond in damages at common law or by statute for injuries to or the death of any employee"; Nelson v. Westland Oil Co., D.C.N.D.1949, 96 F.Supp. 656, 664: "In North Dakota, claims are against the Workmen's Compensation Bureau, an arm of the state itself. *Jurisdiction of the courts over personal injuries sustained by employees is abolished* except as provided for in the Act." (Italics supplied.)

2. N.D.Rev.Code 1943, section 65–0429. This section is applicable to a farm employer "who complies" and to an employee who remains in the "service of such employer *with notice* that the employer has paid into the fund * * *. The continuation in the service of such employer *with such notice* shall constitute a waiver by the employee of his rights of action as aforesaid." (Italics supplied.)

the fund under the provisions of this section *shall post conspicuously* about his place of business typewritten or printed *notices* stating the fact that he has made such payment, and *the same shall constitute notice to his employees.*"[3]

Failure to post the necessary notice, despite otherwise complete compliance with the Compensation Act, would disentitle a farm employer to take advantage of the Act. In O'Rourke v. Percy Vittum Co., 1926, 166 Minn. 251, 207 N.W. 636, the Supreme Court of Minnesota construed a section (no longer in force) of the Minnesota Act, having a requirement as to posted notice similar to that in North Dakota. In that case a farm laborer was fatally injured while digging small cedar trees to be sold for transplanting. The employer had filed a notice of election to come under the Act, but failed to post a copy thereof at the farm. The court held that the employer was not covered by the Act, stating (166 Minn. at page 255, 207 N.W. at page 637): "Vittum, as an employer of farm labor, was outside the operation of the act, but could bring himself within it by posting and filing the prescribed notice. He filed a notice, but posted none. To leave no room for uncertainties or disputes leading to needless litigation, the Legislature specified clearly and definitely the acts necessary to effect a change of the existing status; and the courts uniformly hold that, to effect a change, all the statutory requirements must be complied with or the status remains unchanged."

Accordingly, this Court feels, finding from the evidence presented upon trial of the cause that defendant did not post the notice in a conspicuous place upon his farm within the meaning of the North Dakota Workmen's Compensation Act, defendant was not entitled to the exclusive coverage of the Act. Paucher v. Enterprise Coal Mining Co., 1917, 182 Iowa 1084, 164 N.W. 1035; Murray v. Strike, 1930, 76 Utah 118, 287 P. 922; Dey v. Logan, 1940, 175 Va. 68, 7 S.E.2d 102. Without substantial compliance with all statutory requirements, the defendant could not effect a substitution of the strict liability without fault under the compensation law, for the liability based on fault under the common law.[4] Whatever liability he might have to the plaintiff here would thus depend upon the common law of master and servant, as limited by the three defenses of contributory negligence, fellow servant negligence and assumption of risk.[5] The provisions of N.D.Rev.Code 1943, § 65–0901, which would make these defenses unavailable to him in an authorized civil action by the employee based on the common law theory of liability, do not apply because he is not subject to the Act. Such a civil action, stripped of common law defenses, is one of the two remedies authorized by the Act; the other remedy is to file a claim against the compensation fund. N.D.Rev.Code 1943, §§ 65–0108, as amended N.D.Laws 1951, c. 342, § 1, and 65–0501; State ex rel. Dushek v. Watland, 1924, 51 N.D. 710, 201 N.W. 680, 39 A.L.R. 1169. Plaintiff in the instant case, had he known of his right to compensation, could have elected to proceed under the Act; but having no such knowledge, he had his common law right of action

3. Id., Section 65–0429, last sentence (italics supplied) ; cf. Paucher v. Enterprise Coal Mining Co., 1917, 182 Iowa 1084, 164 N.W. 1035 (notice posted as required by Iowa compensation statute would be effective even though the employee was an Austrian who could not read or speak English).

4. Murray v. Strike, 1930, 76 Utah 118, 287 P. 922; cf. Yeomans v. Anheuser-Busch, Inc., 1941, 198 S.C. 65, 15 S.E. 2d 833, 136 A.L.R. 894 (where the employee seeks compensation, the court will be liberal in finding substantial compliance so as to prevent the employer from defeating the claim by his own failure to give notice).

5. Prosser, Torts (2d ed. 1955), 385; see Moen v. Melin, 59 N.D. 582, 231 N.W. 283 (intimating that a common law action apart from the Act might be maintained against an employer not protected by the Act).

apart from the Act.[6] Hence, in the absence of proper notice, he had three possible remedies (assuming that the Compensation Bureau would not, as it could, deny coverage):

(1) A claim against the fund for compensation under the Act.

(2) A civil action under the Act for damages against the employer, where contributory negligence, fellow servant negligence or assumption of risk would be a defense.

(3) A civil action apart from the Act for damages against the employer, where any of the three common law defenses would be effective.

Having chosen the last remedy at common law without actual or constructive notice of the applicability of the Compensation Act, this action can be maintained against the defendant.

■■■ As an employer the defendant had a duty to the plaintiff to provide him with reasonably safe equipment and conditions of work. Cameron v. Great Northern Ry. Co., 1898, 8 N.D. 124, 77 N.W. 1016. See, in general, Prosser, Torts (2d ed. 1955), Sec. 67, pp. 373–377; Restatement, Agency (1933), Secs. 492, 493 and 497. He breached that duty by directing the plaintiff to operate a grader which was unequipped with safety rails or proper supports to protect his employee from falling off the flat platform where plaintiff was required to stand, by driving the tractor which was pulling the grader at a speed considered excessive under the circumstances here shown, and by failing to heed the plaintiff's shouted warning to drive more slowly. As a result of defendant's negligence plaintiff was thrown to the ground violently when the grader struck an obstruction and was injured. Evidence disclosed that his injuries consisted of a sprain-fracture (with resultant 10% permanent disability) of the right ankle, pain and suffering, loss of earnings and impairment of earning capacity as an agricultural worker.

For his injuries the plaintiff, who did not assume the risk thereof and who was not negligent himself, is entitled to recover $4,500 in damages from the defendant together with plaintiff's costs and disbursements herein as fixed and assessed by the Clerk of this Court.

Consequently, an order will be entered denying defendant's motion to dismiss and directing that judgment be rendered for the plaintiff as hereinbefore outlined.

Counsel for plaintiff will prepare Findings, Conclusions and Order in conformance herewith and submit them through the Clerk of this Court without delay.

It is so ordered.

---

6. Murray v. Strike, 1930, 76 Utah 118, 287 P. 922. If he had proceeded under the Act with the acquiescence of the Compensation Bureau, he would have lost the common law remedy and been limited to the exclusive remedies under the compensation law. Nyland v. Northern Packing Co., 1928, 56 N.D. 624, 218 N.W. 869.