**Ernie W. ANDERSON, Appellant,**

v.

**Teddy ROSEBEAR, Appellee.**

**No. 15714.**

United States Court of Appeals
Eighth Circuit.

June 27, 1957.

Paul M. Sand, Asst. Atty. Gen., State of North Dakota, for appellant.

Albert F. Arnason, Grand Forks, N. D., for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, Rosebear, brought a common law negligence action against his employer, a North Dakota farmer, to recover damages for personal injuries received when plaintiff, while performing his duties as an agricultural laborer, was thrown off a grader. Jurisdiction is based upon diversity of citizenship and the claim exceeding $3,000. The case was tried to the court without a jury. This appeal is from judgment awarding plaintiff damages. The facts and the trial court's conclusions are set out in his opinion reported at 143 F.Supp. 721.

As his principal ground for reversal, defendant urges that the plaintiff's exclusive remedy was under the North Dakota Workmen's Compensation Act, and that said act abrogated the common law negligence action. It is undisputed that plaintiff was employed by the defendant at the time of his injury on May 3, 1951, as an agricultural laborer on defendant's farm. Under North Dakota law agricultural labor is classified as nonhazardous and is not covered by the Workmen's Compensation Act. North Dakota Statutes, § 65–0102, subd. 4a, par. 1. Employers carrying on nonhazardous employment may come under the Workmen's Compensation Act by paying premiums and giving notice to employees. Continuation in service by an employee in a nonhazardous employment after notice that his employer has taken the necessary steps to bring him under the act constitutes a waiver by the employee of his right to bring a common law action. North Dakota Statutes, § 65–0429. It is established that prior to the action defendant had elected to provide workmen's compensation for his agricultural laborers and had paid the necessary premium to obtain workmen's compensation coverage. Upon conflicting evidence the trial court found that plaintiff did not have actual notice at the time of the accident that he was covered by workmen's compensation. Such finding is supported by substantial evidence and is binding upon us.

■ The question then arises as to whether plaintiff is charged with constructive notice of defendant's election to cover his agricultural laborers with workmen's compensation. The provision for constructive notice found in section 65–0429, North Dakota Statutes, is:

" * * * Each employer paying premiums into the fund under the provisions of this section shall post conspicuously about his place of business typewritten or printed notices stating the fact that he has made such payment, and the same shall constitute notice to his employees."

The trial court determined that, absent actual notice, defendant's failure to post the notice required by statute at the place where he conducted his farming business would prohibit him from substituting workmen's compensation liability for common law liability. In support of his position, the court relies upon O'Rourke v. Percy Vittum Co., 166 Minn. 251, 207 N.W. 636; Paucher v. Enterprise Coal Mining Co., 182 Iowa 1084, 164 N.W. 1035; Murray v. Strike, 76 Utah 118, 287 P. 922; and Dey v. Logan, 175 Va. 68, 7 S.E.2d 102; and quotes from O'Rourke v. Percy Vittum Co., as follows:

"Vittum, as an employer of farm labor, was outside the operation of the act, but could bring himself within it by posting and filing the prescribed notice. He filed a notice, but posted none. To leave no room for uncertainties or disputes leading to needless litigation, the Legislature specified clearly and definitely the acts necessary to effect a change of the existing status; and the courts uniformly hold that, to effect a change, all the statutory requirements must be complied with or the status remains unchanged." [166 Minn. 251, 207 N.W. 637.]

The North Dakota court has not had occasion to determine the construction to be given the posting requirement of the

statute. We have frequently said that upon doubtful questions of local law we will not adopt a view contrary to that of the trial court unless convinced the trial court's determination was induced by a clear misconception or misapplication of local law. Buder v. Becker, 8 Cir., 185 F.2d 311. We are unable to say that the trial court committed error in construing the statute.

The fact situation relative to constructive notice is that defendant had posted notice of his election to cover his agricultural laborers with workmen's compensation in his potato warehouse located in the town of Neche about three and one-half miles from his farm. The notice there posted, which was in proper form, discloses that defendant had covered by workmen's compensation the following employees:

> "8022 Potato warehouse
> 5602 Alteration & repair
> 0006 General farm labor".

No notice was posted on the farm premises where plaintiff was working at the time of his injury.

The plaintiff did some work at the potato warehouse. Defendant's contention is that the potato warehouse was part of his farm operation. Defendant was engaged in potato and grain farming. The evidence does not set out in any detail the relationship between the farm operation and the potato warehouse. We are not advised as to the extent of the warehouse operation or whether the warehouse served farms other than the defendant's. As heretofore stated, the workmen's compensation notice indicated separate classifications for potato warehouse workers and for farm laborers. The potato warehouse labor was classified as hazardous while the farm labor was classified as nonhazardous. Potato warehouse employees had been uniformly covered by workmen's compensation. During some prior years defendant had not provided workmen's compensation for his farm laborers.

■ It is obvious that an individual can be engaged in various types of business. The extent and scope of a business is ordinarily a question of fact. Upon the present record, we can not say as a matter of law that the potato warehouse was a part of defendant's farm operation or that it constituted the "place of business" of the defendant's farm operations. The court's determination as a fact issue that the potato warehouse was not the place of business of defendant's farm operations is supported by substantial evidence and is not clearly erroneous. The court was warranted in concluding that a notice posted at the potato warehouse located some three and one-half miles distant from the farm did not constitute constructive notice to agricultural laborers.

■ Defendant also contends that the plaintiff has failed to establish defendant's liability for common law negligence. Among the allegations of negligence asserted by plaintiff was defendant's failure to provide plaintiff with reasonably safe equipment and conditions of work. Negligent operation of equipment by defendant was also charged.

At the time of the accident defendant was pulling a four-wheel grader, designed to be drawn by horses, with his Model M International tractor. Plaintiff, pursuant to defendant's instructions, was operating the grader, standing on a rear platform about two feet off the ground. The grader blade was raised and lowered by two wheels which the plaintiff faced. There were no guard rails or other safety devices about the platform. Plaintiff had never previously operated the grader. Plaintiff had some experience as a general farm laborer, but had a very limited education and was a man of limited ability. He received his injuries when he was thrown off the grader when it hit an obstruction during the course of its operation. Defendant contends the accident occurred when the grader struck an imbedded board while grading a lane. Plaintiff contends that the obstruction was a tree stump which the grader struck while leveling a field. There is conflict in evidence as to the speed of operation at the time of the accident. It seems reasonably certain that the tractor was pulling the grader at a greater speed

than it would have attained if it had been drawn by horses.

The trial court in his opinion states:

"As an employer the defendant had a duty to the plaintiff to provide him with reasonably safe equipment and conditions of work. Cameron v. Great Northern Ry. Co., 1898, 8 N.D. 124, 77 N.W. 1016. See, in general, Prosser, Tort (2d Ed.1955), Sec. 67, pp. 373–377; Restatement, Agency (1933), Secs. 492, 493 and 497. He breached that duty by directing the plaintiff to operate a grader which was unequipped with safety rails or proper supports to protect his employee from falling off the flat platform where plaintiff was required to stand, by driving the tractor which was pulling the grader at a speed considered excessive under the circumstances here shown * * *." [143 F.Supp. 724.]

The trial court's findings that the defendant was guilty of negligence proximately causing plaintiff's injury and that plaintiff did not assume the risk and was free from contributory negligence are supported by substantial evidence.

We have carefully considered all errors urged by the defendant, and are convinced that the trial court committed no error.

The judgment is affirmed.